[Crim. No. 2074.   Second Appellate District, Division One.—July 17, 1931.]

THE PEOPLE, Respondent, v. CLARENCE JAMES McCLAIN, Appellant.

Guy Lewis and Orville A. Rogers for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Buron Fitts, District Attorney, and Frank W. Stafford, Deputy District Attorney, for Respondent.

HOUSER, J.—Defendant appeals to this court from a judgment of conviction of each of the crimes of burglary and receiving stolen property, as well as from an order by which his motion for a new trial was denied.

As to the charge of burglary, it is not contended that the *corpus delicti* was not established; but appellant urges that the evidence was "insufficient to sustain the verdict" that he was guilty of having committed the offense.

Aside from such testimony as appeared to favor the innocence of defendant, the incriminatory evidence against him included the facts that within a few days after the burglary was committed a part of the stolen goods was found in an automobile which was his property, and that on two or three occasions, when requested by police officers to explain such possession, defendant refused to do so. However, on one occasion defendant stated to an officer, "I know that stuff is hot and I'll admit I took a little of it, but the rest of it is all a pack of lies." Later, when asked by an officer whether a certain named individual had accompanied him at the time the burglary was committed, defendant replied, "No—that he always worked alone." Furthermore, the evidence shows that in a conversation which took place in the presence of three police officers,

defendant and two other persons who at that time were under arrest charged with the commission of the crime of which defendant stands convicted, certain statements in their nature accusatory of defendant were made; none of which was either denied or apparently resented by defendant. A part of such conversation between one of the police officers and one of the accused was as follows:

"Q. Where did you get that bronze jewel box with the amethyst stones? A. I saw that the first time in Clarence McClain's (defendant's) possession. Q. And the silver, where did you first see that? A. It was there in the house next door to 4449 Turquoise street when I first saw it. Q. Do you know who brought it there? A. No, I don't. Q. Who claimed ownership of it? A. I understand that Clarence (defendant) and his family claimed it. Clarence said it was his."

A few days after the commission of the crime defendant removed from the place of his then residence and at his new address gave his name, not as McClain, but as "John Hagerman".

Without here attempting to review the facts set forth in the case of *People* v. *Lang*, 142 Cal. 482 [76 Pac. 232], it may suffice to state that the opinion therein, based upon a situation somewhat resembling that presented in the instant case, in principle contains a complete refutation of the contention of appellant herein regarding the point that the evidence was insufficient to support the judgment. In part, it is there said:

"While possession of the stolen property is not of itself sufficient evidence of the guilt of the party in whose possession it is found, still the recent possession, unexplained, is a very strong circumstance, when taken in connection with other circumstances that point to guilt. The fictitious name given at the loan office, the pawning of the coat on the very day it was lost, and the denying of the signature on the books of the loan office are potent facts which are sufficient to justify the inference of guilt. The authorities hold that where goods have been feloniously taken by means of a burglary, and they are immediately or soon thereafter found in the possession of a person who gives a false account, or refuses to give any account, of the manner in which he came into the possession, proof of such possession

and guilty conduct is presumptive evidence not only that he stole the goods, but that he made use of the means by which access to them was obtained." (Citing authorities.)

In the instant case, as far as the charge of burglary is concerned, it follows that the evidence adduced on the trial of the action was sufficient to support the judgment.

■ With reference to the contention by appellant that the evidence was insufficient to support the judgment which was founded on the verdict of the jury returned against defendant on the charge of receiving stolen property, it appears beyond question that the property was stolen and that it consisted of a watch which was engraved on its back with the name of the owner thereof; that five days after it was stolen it was found where it had been secreted in a "crack" behind a wash-basin in a room which at that time was rented by defendant and his wife; that on the day following the larceny of the watch, defendant was arrested, and that thereafter he refused to make a written statement to police officers regarding the manner in which the watch came into his possession; but on one occasion did make an oral statement to an officer in substance that on the day when the property was stolen he traded an automobile for certain personal property, including the watch. A part of the testimony given by the officer was: "I asked the defendant when he sold the car to Young, and he said 'that night we all left over there' (which was either on the same night that the property was stolen or on the day following). I said 'what did you get for it?' He says, 'I got a watch and a diamond ring, and a nickel-plated flashlight.' I asked him if that was an Elgin watch, gold wrist watch with the name of Margaret Dorey on the back, and he said it was. I asked the defendant if he knew it was stolen and he said 'Yes,' and pointed to the gun and said he just brought it in."

As hereinbefore set forth, in another conversation which took place between defendant and a different officer at a time not more than six days after the property was stolen, defendant made the statement, "I know that stuff is hot," etc. Another incriminatory circumstance against defendant was that on the day when he removed from the place where he had been living and took up his abode in a rented

apartment, he gave a fictitious name to the man who owned the property.

Section 496 of the Penal Code, which relates to the crime of receiving stolen goods, in part provides that:

"Every person who for his own gain, or to prevent the owner from again possessing his property, buys or receives any personal property, knowing the same to have been stolen; . . . is punishable by imprisonment in the state prison not exceeding five years, . . . "

The particular point presented by appellant is that in substance the words of the statute, "knowing the same to have been stolen", relate to the time when the stolen property comes into the possession of the person who receives it; and that since no direct evidence was presented on the trial of defendant to the effect that at the time the stolen watch came into his possession he then knew that it had been stolen—the evidence was insufficient to support the verdict. But considering the facts with reference to the matter, it is but a fair inference that at the time he acquired the watch he knew that it was stolen property. It is not essential that such knowledge be actual and positive; it may be circumstantial and deductive. (*People* v. *Mercado,* 59 Cal. App. 69, 72 [209 Pac. 1035].) Considering what may be termed the flight of defendant, his use of a fictitious name, the possession of the watch by him and its concealment in a "crack" back of the wash-basin at his new place of residence, that he was arrested and placed in jail on the day after the watch was stolen, and that five days thereafter, while still in jail, where he had been continuously confined after his arrest, according to his own admission he knew the "stuff was hot"; and two days following such admission, in like circumstances, in connection with the story that he had traded an automobile for certain personal property, which included the watch in question, he made the direct statement that he "knew it (the watch) was stolen"—it is clear that the jury was justified in inferring that at the time he acquired the watch he knew it was stolen property. It therefore becomes plain that the second point presented by appellant cannot be sustained.

The judgment and the order are affirmed.

Conrey, P. J., concurred.