[Crim. No. 2203. Second Appellate District, Division Two.—June 21, 1932.]

THE PEOPLE, Respondent, v. THEODORE MORRIS, Appellant.

William G. Kenney and John E. Glover for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

FRICKE, J., *pro tem.*—Appellant and one Edmund Buisseret were found guilty of second degree burglary. The sole point on this appeal is that the evidence is insufficient in law to sustain the conviction of appellant.

It is conceded by appellant that on July 8, 1931, between 12:30 and 3:30 P. M., the residence of one Mrs. C. V. Holmburg was burglariously entered and that among other things an Illinois watch was stolen, being later, at about 4:30 P. M., pawned by a man who signed the pawnbroker's ticket with the name "Bob Morrow". Appellant was not identified by any witness as being at the scene of the burglary, though his co-defendant was so identified. The contention of appellant is that there is not sufficient evidence to connect him with the crime.

The appellant testified to the effect that he did not pawn the watch and did not sign the name "Bob Morrow" to the pawn ticket; that he had an apartment with one Harold Hanson, who had since gone back to Ohio or Illinois and who, before leaving, had told appellant that he had pawned a watch and where he had pawned it; that he, appellant, had described this watch in a conversation at which one Fred Brooker was present, and later went to the pawnshop with Mr. Brooker, who expressed a desire to see the pawned article; that they went to the pawnshop some time in August, and that this was the only time appellant had ever been in the pawnshop. On cross-examination appellant denied that he had ever told Mr. Brooker that he had pawned the watch or offered to trade it for a watch of Mr. Brooker, and further testified that he did not know that the watch was "hot" and had never told Mr. Brooker that it was "hot". Brooker testified that appellant told him that he had a watch in a pawnshop which he would trade for one of the witness' watches, and that appellant also told him that the pawned watch was "hot".

The pawn ticket and various exemplars conceded to be in appellant's handwriting were received in evidence. Two handwriting experts testified that in their opinion the name

"Bob Morrow" on the pawn ticket was written by the same person who wrote the exemplars. The pawnbroker, called as a witness, testified that he could not positively identify appellant as the man who pawned the watch, but did testify that the man who pawned it "looks like" and "resembled" the appellant. While this identification was not positive, it was sufficient, if believed by the jury, to warrant their concluding that appellant was the person who disposed of the watch (see *People* v. *Griggs,* 114 Cal. App. 133 [299 Pac. 555]; *People* v. *Farrington,* 213 Cal. 459 [2 Pac. (2d) 814]; *People* v. *Radovich,* 122 Cal. App. 176 [9 Pac. (2d) 542], and cases cited), a conclusion strongly corroborated by the testimony of the handwriting experts. The jurors were the sole judges of the credibility of the witnesses, and, with the testimony of appellant impeached by proof of his having suffered two prior convictions of felony and contradicted by other witnesses on practically every point material to his defense, were not only justified in disbelieving the testimony of appellant, but also in believing that the testimony he gave was knowingly and wilfully false.

■ While the mere possession of stolen property shortly after it was stolen is not sufficient to connect a defendant with the perpetration of a burglary in which the property was stolen, it is a circumstance pointing toward guilt, as is also the failure of the accused to account for such possession upon a theory inconsistent with his guilt of the offense charged. (*People* v. *Russell,* 120 Cal. App. 622 [8 Pac. (2d) 309], and cases cited.) ■ It is well settled that when property stolen in the perpetration of the crime charged is found in the possession of a defendant shortly after it was stolen the corroborating evidence necessary to connect the defendant need be but slight. (*People* v. *Russell, supra,* and cases cited.) Among the circumstances which, when coupled with such possession, are sufficient to connect the defendant with the commission of the crime charged and to sustain a conviction are false statements, selling or dealing with the stolen property as his own under a fictitious name and the giving of false testimony. (See cases cited in *People* v. *Russell, supra.*)

■ The evidence here shows that within two hours after the burglary the appellant pawned the watch, giving and

signing a fictitious name, made negotiations to trade it, stating that he had pawned the watch and that it was "hot"—a word we recognize as synonymous with "stolen"— and then, in the face of his identification by the pawnbroker and most convincing proof by the handwriting experts that he was the person who signed the fictitious name on the pawn ticket, he took the witness-stand and denied ever having seen the watch until after his arrest. The evidence was amply sufficient to sustain the conviction.

The order and judgment are affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.