THE PEOPLE, Respondent, v. LaVERNE RANCE TAY-LOR et al., Appellants.

LaVerne Rance Taylor and Wayne Taylor, *in pro. per.*, for Appellants.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

WILLIS, J., *pro tem.*—By two counts of an information the appellants, together with their brother Aubrey S. Taylor, were charged in separate counts with burglary and receiving stolen property. Upon the trial before a jury Aubrey S. Taylor was acquitted of the charge of burglary but found guilty of the charge of receiving stolen property, while appellants were each found guilty on both counts. From the judgments entered the latter bring this appeal.

Appellants contend: (1) that the evidence is insufficient to sustain the verdicts; (2) that a lawful conviction cannot be sustained of both the crime of burglary and that of receiving stolen property where the property received was that which was stolen at the time of the burglary; and (3) that error was committed in the giving of certain instructions.

The evidence reveals that on Saturday night, March 3, 1934, an automobile wrecking and supply shop on Santa Monica Boulevard in West Hollywood was burglarized and certain articles including tools and tires and a generator were stolen. On March 13, 1934, at Alhambra, a Ford automobile and a Dodge automobile were found by an officer parked near each other at a highway curb, at about 4 o'clock in the morning. It was admitted at the trial that the Ford belonged to Wayne Taylor, and the Dodge was shown by proof to belong to LaVerne Taylor. In the Ford there were found two cold chisels, three punches and a star drill, and on the wheels two tires identified by witnesses as having been in the shop when burglarized. In the Dodge car there were found a sledge hammer, a crow bar and cold chisel, identified by witnesses as property which was in the burglarized shop at the time it was entered. Appellant Wayne Taylor was found on the sidewalk near the Ford automobile at about 4 A. M. of March 13th by an officer, and in answer to questions gave his name as "Rex Valeton" and said he had been driven out to Alhambra by a lady friend in a Plymouth coupe, and was down there visiting a friend whose name and address he said he did not know. Other evidence tended to prove he had driven the Ford in question to Alhambra with a lady and a man friend accompanying him. He stated to the officers that he did not know where the tires on the Ford came from, and that the tools had been placed in the Ford by someone else—he did not know by whom. He stated he was buying the Ford from LaVerne Taylor. The latter, whose place or time of arrest does not appear, told the officers in a separate conversation about 9 o'clock of the same morning that he did not know where the tires or the tools came from. He stated that he had purchased the Dodge car from an insurance company on Venice Boulevard in Los Angeles and had sold it to one Ray Snyder, whose address he could not give. In the pos-

session of Aubrey S. Taylor, on another Ford automobile, there was found, on March 14, 1934, a tire and the generator which were identified as having been stolen at the time of the burglary in question. Aubrey stated to officers and testified that he had purchased these from a man whom he knew to be working in a tire shop in Hollywood.

The foregoing comprises substantially all the evidence tending to connect appellants with the burglary of the shop on March 3d. No evidence of association or presence of appellants or of Aubrey S. Taylor at the scene of that crime was presented. The sole connecting link between the burglary and appellants consists in possession of some of the fruits of the burglary ten days afterwards, in and on automobiles shown to belong to appellants, parked near each other at the unusual hour of 4 o'clock in the morning, under circumstances which appellants failed to explain.

While it is true that the mere possession of stolen property is not sufficient to connect a defendant with the perpetration of the burglary in which the property was taken, it is a circumstance which may be considered by the jury in connection with the other evidence. There must be, however, corroborating circumstances—acts, conduct or declarations of the defendant tending to show guilt —in addition to possession of the fruits of a burglary by the defendant shortly after the commission of the crime, to warrant the conclusion that the accused is guilty thereof.

The failure of the accused to account for such possession upon a theory inconsistent with his guilt of the offense charged, or to show that the possession was honestly obtained, is itself a circumstance tending to show guilt. This corroborating evidence need be but slight, provided it is convincing. Flight, false statements showing consciousness of guilt or as to how the property came into defendant's possession, assuming a false name, inability to find the person from whom defendant claimed to have received the property, have each in turn been held to be sufficient to connect the accused with the crime when proven in connection with possession of the stolen property. (*People* v. *Russell,* 120 Cal. App. 622 [8 Pac. (2d) 209]; *People* v. *King,* 122 Cal. App. 50 [10 Pac. (2d) 89].) And when defendant makes an explanation as to the manner in which he came into possession of such stolen property, the question as

to whether he is telling the truth in that regard rests solely with the jury. (*People* v. *McClain,* 115 Cal. App. 505 [1 Pac. (2d) 1085]; *People* v. *McClain,* 115 Cal. App. 512 [1 Pac. (2d) 1023].) In *People* v. *Lang,* 142 Cal. 482 [76 Pac. 232], the court held that recent possession, unexplained, of stolen property, is a very strong circumstance as evidence of guilt, when taken in connection with other circumstances that point to guilt.

Under the facts of this case as they appear in the record, a condensed statement of which is above given, and in the light of the law as above stated, it is clear that the verdict of the jury under count one charging burglary is supported.

Count two of the information charges appellants with the crime of receiving stolen property. The evidence shows that the property described in the count is the identical property stolen at the time of the burglary. There is a total lack of any evidence that appellants received this property from any other person or persons. The evidence and the verdict of the jury on the burglary count support the conclusion that appellants took the property from the owner's dominion during and as part of a burglarious entry. The verdict of guilty of burglary herein can be sustained on no other ground than that appellants took and asported the property found later in their possession in connection with a burglarious entry of the place where it had been kept.

The crime of burglary is complete when entry of the structure defined in the code has been completed, with the accompanying intent to commit larceny or any felony. Thereafter the person thus entering may commit the larceny or any felony which he intended to commit when entering, or he may change his purpose and commit another and different felony and be amenable to prosecution and conviction of both burglary and the larceny or other felony thus committed. In such case he has committed two crimes, for both of which he may be convicted. (*People* v. *Devlin,* 143 Cal. 128 [76 Pac. 900]; *People* v. *Shaffer,* 81 Cal. App. 752 [254 Pac. 666].) Thus where a larceny has been committed in conjunction with the crime of burglary, the perpetrator may be adjudged guilty of both burglary and larceny, but the principal thereof, the one who alone is guilty of the

actual caption and asportation, cannot be adjudged guilty of criminally receiving the thing stolen. The actual thief cannot receive from himself the fruits of his larceny. However, a principal or accessory who does not personally participate in the caption and asportation with the actual thief may be adjudged guilty of both the burglary and receiving the stolen property which the latter has taken. But this rule does not apply where the receiving of the stolen property is embraced in its caption and asportation. (*Adams* v. *State*, 60 Fla. 1 [53 So. 451, Ann. Cas. 1912B, 1209], and authorities therein cited; 17 R. C. L. 84; *People* v. *Day*, 30 Cal. App. 762 [159 Pac. 457].)

From these rules it follows that in an information charging burglary in one count and receiving stolen property in a second count there can be no lawful adjudication of guilt of the latter crime where the evidence shows that the property described in the latter count was the identical property taken and asported by the accused during the burglarious entry. For therein the essential element of reception is absent, the spirit and purport of the law implying the necessity of two actors to complete the act of receiving. While it is proper to charge in separate counts both burglary and receiving stolen property, upon the conclusion of the introduction of evidence the jury should be given appropriate instructions defining and distinguishing the rules applicable, so as to avoid the mistake of finding the accused guilty of receiving from himself property stolen by him during the commission of a burglary.

We find no error in the instructions complained of. That relating to the effect of possession of stolen property as evidence of guilt is in form and words several times approved by our appellate courts. (*People* v. *Haack*, 86 Cal. App. 390, 399 [260 Pac. 913]; *People* v. *McGowan*, 127 Cal. App. 98, 104 [15 Pac. (2d) 516].)

The judgments entered on count one are affirmed. The judgments entered on count two are reversed.

Stephens, P. J., and Crail, J., concurred.