[Crim. No. 2051. First Appellate District, Division One.—September 27, 1939.]

THE PEOPLE, Respondent, v. CARL RUSSELL, Appellant.

Carl Russell, *in pro. per.*, for Appellant.

Earl Warren, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Appellant was charged with having burglarized the garage of an apartment house in San Jose, and with a prior conviction of burglary. He was tried by a jury and found guilty of second degree burglary, and the charge of prior conviction was found to be true. From the judgment of conviction and the order denying his motion for new trial he has appealed, and as first point for reversal urges that the evidence is insufficient to establish his guilt on the principal charge. After having examined the record, we are convinced that the point is not well taken.

The garage was burglarized some time after 7:30 o'clock on the night of June 15, 1938, and from one of the automobiles parked therein belonging to F. E. Anderson there was stolen a camera, a robe and a flashlight. The burglary was detected the next morning, and immediately reported to the police. About 10 o'clock that same night, June 16, 1938, appellant was apprehended three blocks from the apartment house by two police patrol officers while he was seated in a car alongside of a street grader, siphoning gasoline from the grader into the car he was occupying. Upon checking the license number and the registration certificate of the car, the officers discovered that the car had been reported stolen in Riverside earlier that month. Thereupon appellant and the car were driven to the police station, and upon searching the car the police found therein the camera, the robe and the flashlight which had been stolen in the garage burglary. When interrogated concerning the possession and ownership of said articles appellant told several conflicting stories. He first told the officers, according to their testimony, that the articles belonged to him; that he bought them a long time ago, but could not remember where or under what circumstances. He was asked particularly if the camera was his,

and he replied that it was; but when informed that the number thereof corresponded with the number of the camera stolen from Anderson's automobile, he admitted having taken the camera, also the flashlight and the robe, from a car parked in a garage "out this way near where you fellows picked me up". The officers then requested him to sign a confession of guilt, but he replied it was not necessary, that he would plead guilty to petit theft. They informed him, however, that the offense was burglary, and not petit theft, and they read to him the section of the Penal Code defining burglary; whereupon appellant denied having taken the articles, saying they were given to him that afternoon by "some fellow" he did not know—that he had never seen the man before. Some time later, and after he had been told that Anderson had identified the articles as his property, appellant was again asked how he came into possession of them. He replied that he did not know; and thereafter he refused to answer any questions more than to deny any knowledge of how the articles came into his possession. On cross-examination of one of the police officers by counsel for appellant, it was brought out that appellant made conflicting statements also as to the possession and ownership of the car he was occupying at the time he was apprehended. In this regard the officer testified that when appellant was asked who owned the car, he replied that it belonged to him but was registered in the name of Miss Edith Hansen, his "girl friend," whereupon he was told that the car had been reported stolen; that appellant then changed his story, saying that "a fellow named Mickey," whose acquaintance he had made in San Quentin, had turned the car over to him the day before in San Francisco so that he could drive to San Jose and look for work in the fruit. As a witness in his own behalf appellant admitted the prior conviction but denied having committed the burglary. In this connection he testified that on June 15th he was in Salinas looking for work; that he had borrowed the car he was occupying at the time he was apprehended from a friend in San Francisco; that the camera and robe were in the car at the time he borrowed it, but that the flashlight belonged to him. Furthermore, he denied having made most of the statements attributed to him by the police officers, particularly that he had told them he had taken the articles from a car parked in a garage.

The substance of the argument advanced by appellant in support of his contention that the evidence is legally insufficient to support the verdict seems to be that it failed to place him at or near the scene of the alleged burglary until many hours after it had been committed; that his conviction was based on mere suspicion ''surrounded by the appearance of a past criminal record, and the possession of alleged stolen property of very slight value''; that the testimony given by him to the effect that he was in Salinas on June 15th, being uncontradicted by any other witnesses, must be taken as true, and entitled him to an acquittal; that at most the evidence established the offense of receiving stolen goods, and that therefore in any event he should have been found guilty of that offense and not burglary.

It is true that mere possession of property stolen in a burglary recently committed is not sufficient of itself to warrant a finding that the accused committed the burglary; that in addition to possession of the fruits of the burglary there must be corroborating circumstances—such as acts, conduct or declarations of the accused tending to show guilt. However, it is well settled that the corroborating evidence may be slight, provided it is convincing; that possession of stolen property is a circumstance to be considered by the jury in connection with the other evidence, and that failure of the accused to account for its possession upon a theory inconsistent with his guilt of the offense charged or to show that possession was honestly obtained, is itself a circumstance tending to establish guilt. Furthermore, among the circumstances which in addition to the fact of possession of the stolen property are held sufficient to connect the accused with the crime and to sustain his conviction, are false statements showing consciousness of guilt, or as to how the property came into his possession. (*People* v. *Russell*, 120 Cal. App. 622 [8 Pac. (2d) 209]; *People* v. *Taylor*, 4 Cal. App. (2d) 214 [40 Pac. (2d) 870].) And in all cases where the accused offers an explanation as to the manner in which he came into possession of the stolen property, the question as to whether he is telling the truth is one solely for the jury. (*People* v. *Taylor, supra,* citing *People* v. *McClain*, 115 Cal. App. 505 [1 Pac. (2d) 1085], and Id., 115 Cal. App. 512 [1 Pac. (2d) 1023].) Moreover, even though the story told by the accused may exculpate him, such as where he claims an alibi and there is no direct contradiction of his story, it

is still for the jury to say whether he shall be believed. (*People* v. *Wier,* 20 Cal. App. (2d) 91 [66 Pac. (2d) 703]; 8 Cal. Jur., p. 589; 4 Cal Jur. Ten-year Supp., p. 850.)

It will be seen, therefore, that when the evidence in the present case is measured by the foregoing rules, it is legally sufficient to support a verdict of guilty; and besides, there is the evidence of appellant's admission that he took the articles from a car parked in a garage, and his statement that he would plead guilty to a charge of petit theft, which when considered in connection with the evidence showing that a burglary had been committed and that the stolen property was found in his possession, doubtless established a case sufficient to meet the requirements of law. (*People* v. *Hurst,* 108 Cal. App. 24 [290 Pac. 887].) In no event could the jury have found him guilty of receiving stolen goods for the reason that the charge was burglary, and the offense of receiving stolen goods is not included therein.

A considerable portion of appellant's brief is devoted to a discussion of the testimony of the prosecution's witnesses in an effort to show discrepancies therein, which he claims cast a doubt as to the accuracy and truthfulness of some of the statements made by said witnesses. In answer thereto it will suffice to say that the credibility of all witnesses and the weight that should be given to their testimony are matters exclusively within the province of the jury to determine.

Nor do we find that any error was committed in connection with the admissibility of that portion of the testimony given by the police officers wherein they described the circumstances under which appellant was apprehended, even though it was revealed thereby that appellant at that time was committing a theft (of gasoline from a street grader) and occupying a car which had been reported stolen. It frequently happens that in proving a chain of circumstances pointing to the guilt of an accused one or more links of that chain may consist of circumstances tending to connect him with the commission of another offense; but even so, that does not serve as ground for the exclusion of the testimony. (8 Cal. Jur., p. 71; *People* v. *Perry,* 195 Cal. 623 [234 Pac. 890]; *People* v. *Palumbo,* 127 Cal. App. 703 [16 Pac. (2d) 316].) Here admittedly at the time appellant was apprehended the property stolen in the garage burglary was in his possession, in a car he alone was occupying, and concerning which he made conflicting statements. Clearly, there-

fore, the circumstances under which he was found in the possession of the fruits of the burglary, as well as the explanations offered by him at that time concerning the same, constituted proper subject-matter for the consideration of the jury in testing generally appellant's credibility as a witness, and especially the truth of his entire story as to the manner in which he claimed to have come into the innocent possession of the stolen articles. ■ Moreover, the record discloses that the point as to the admissibility of the testimony about which appellant now complains was not raised during the trial, either by objection to its introduction or motion to strike; and as above shown, the question of the ownership of the car and the conflicting explanations offered by appellant as to the manner in which he obtained possession thereof, were brought directly before the jury by appellant himself, first, on cross-examination of the police officer, and again while testifying on direct examination as a witness in his own behalf. Such being the state of the record, appellant cannot now be heard to complain of the effect thereof.

■ Also without merit is appellant's claim of error in permitting one of the prosecution's witnesses to testify after he had remained in the courtroom in disobedience of an order excluding all witnesses therefrom. Such disobedience is punishable as a contempt, but does not constitute ground for the exclusion of the testimony of the witness. (*People v. Boscovitch*, 20 Cal. 436; *People v. Mack*, 115 Cal. App. 588 [2 Pac. (2d) 209]; *Mintzer* v. *Wilson*, 21 Cal. App. (2d) 85 [68 Pac. (2d) 370].)

■ Appellant further contends that the court's instructions upon the doctrine of reasonable doubt were confusing, and that it should have instructed the jury that it was within its province to find him guilty of receiving stolen goods. But as already pointed out, the latter offense is not included in the crime of burglary; therefore such an instruction would have been improper; and the record shows that the doctrine of reasonable doubt was clearly defined and the jury fully instructed thereon, it being advised in this respect, among other things, that if it had any reasonable doubt as to whether appellant committed the crime charged in the information, he was entitled to an acquittal.

The remaining points urged by appellant are of minor importance, and being without merit do not require discus-

sion. The judgment of conviction and the order denying the motion for new trial are affirmed.

Ward, J., and Peters, P. J., concurred.