[Crim. No. 649.   Fourth Dist.   Apr. 14, 1947.]

THE PEOPLE, Respondent, v. ROBERT ESTRADA
CARROLL, Appellant.

N. D. Meyer, Public Defender, and Samuel Dreizen, Deputy Public Defender, for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with the crime of burglary in having entered a pool room in La Habra, with the intent to commit theft. It appears, without question, that this pool room was entered on the night of July 17, 1946, by someone who effected an entry by breaking a skylight, and that about $400 in cash, $900 in checks, and .38-caliber Ivar Johnson revolver were stolen therefrom. About ten days later, the defendant sold this revolver to a man named Rios at a street corner in Los Angeles. The defendant was later arrested and prosecuted. A jury found him guilty of this burglary and he has appealed from the judgment.

It is first contended that the evidence is insufficient to support the verdict and judgment. It is argued that the evidence shows that the appellant had only temporary possession of the revolver at the time it was sold to Rios and that, in any event, there is no other evidence outside of, and apart from, the fact of said possession to connect him with the crime charged. The argument that the appellant had only temporary possession of the revolver is based upon a portion of the evidence, which was conflicting in that regard. There is evidence, which the jury was entitled to believe, that the appellant had the gun in his possession when Rios first saw it; that he offered to sell it to Rios; that Rios bought it from him for $20; and that he delivered the gun to Rios.

There are other facts and circumstances apart from the possession of the revolver which sufficiently tend to connect the appellant with the commission of this crime and which, with the fact of possession, are sufficient to support the conviction. The possession of stolen property, shortly after it is stolen, is a circumstance pointing to the guilt of the accused. (*People* v. *Russell,* 34 Cal.App.2d 665 [94 P.2d 400].) However, there must be, in addition to such possession, corroborating circumstances, such as acts, conduct or declarations of the accused tending to show his guilt. (*People* v. *Russell, supra.*) The familiarity of the accused with the burglarized premises is a circumstance which may be considered. (*People* v. *Davis,* 1 Cal.App. 8 [81 P. 716, 88 P. 1101].) The failure of the accused to properly account for his possession of the stolen property is such a circumstance. (*People* v. *Russell,* 120 Cal.App. 622 [8 P.2d 209].) Also, the giving of false testimony, and dealing with the stolen property as his own. (*People* v. *Morris,* 124 Cal.App. 402 [12 P.2d 679].) The giving of equivocal answers to questions asked by officers, and other conduct inconsistent with that of an innocent man, may also be considered in this connection.

There is evidence here that the appellant had repeatedly been in this pool hall; that at noon on July 17, he asked his employer for the afternoon off; that his employer consented but expected him back the next morning; that he did not return the next morning and, in fact, did not return to work at all; that he spent the afternoon and night of July 17 in La Habra; that he cashed a check for $32.50 which he received from his employer; that he left $25 with his sister, and paid $2.00 to a man to whom he owed that amount; that he bought wine and was drinking; that the next morning he went to Los Angeles and rented a room; that he spent the next two weeks loafing and spending money; and that about ten days after the burglary he sold the revolver taken from the pool hall in La Habra to Rios. A deputy sheriff testified that he had a conversation with the appellant at the jail after he was arrested; that he asked the appellant if he had any knowledge of this burglary and that the appellant said he did not; that he then asked him if he was in La Habra on July 17; and that the appellant said "Yes" and stated that he had come to La Habra about noon, that he had cashed a check at a liquor store and bought a bottle of

wine, and "that if he had been connected with this burglary he had no knowledge of it as he was drinking." The officer then testified that the appellant was shown the revolver taken from this pool hall and that he stated he had never seen that gun before and had not sold it to Rios for $20. This officer also testified that at a later conversation he asked the appellant if he had committed this burglary and that the appellant replied, "I wont say yes and I wont say no"; that he then asked him why and the appellant replied: "Well— every time I have been in trouble is as it has always been, when I was drinking." The appellant took the stand and admitted that he was in La Habra on July 17, and stated that he had left his mother's house there at about eight o'clock that night, that he did not know when he returned there, but that he must have returned because he woke up there the next morning. While on the stand he did not deny that he had committed this burglary. While he had told the officers that he had never seen this gun and had not sold it to Rios, he admitted on cross-examination that he had talked to Rios on the street corner in Los Angeles where Rios said he had bought the gun from him, and when asked whether the testimony given by Rios as to what occurred at that corner on that occasion was true, he replied: "That may have been true, yes."

The circumstances shown, with the acts and statements made by the appellant, furnish rather strong corroborating evidence which is to be considered in connection with the fact of his possession of this gun and the absence of any satisfactory explanation thereof. The evidence, in its entirety, is sufficient to support the judgment of conviction.

█ The appellant next contends that the court committed prejudicial error in giving a general instruction on circumstantial evidence, and in failing to further instruct the jury to the effect that all of the circumstances relied upon must not only be consistent with the guilt of the accused but must also be inconsistent with his innocence. Reliance is placed upon such cases as *People* v. *Rayol*, 65 Cal.App.2d 462 [150 P.2d 812]; *People* v. *Koenig*, 29 Cal.2d 87 [173 P.2d 1]; and *People* v. *Bender*, 27 Cal.2d 164 [163 P.2d 8]. The court here gave practically the same instruction which was given in the case of *People* v. *Rayol*, 65 Cal.App.2d 462 [150 P.2d 812]. No other instruction on circumstantial evidence was requested

by the appellant, but the court thereafter gave the jury the following instructions:

"You are instructed that if from the evidence you can with equal propriety draw two conclusions, the one of guilt, the other of innocence, it is your duty to adopt the one of innocence and find the defendant not guilty.

"The law presumes the defendant to be innocent and the defendant is entitled to the benefit of this presumption at all stages of this proceeding. You must acquit the defendant if, after consideration of the evidence, it is consistent with any reasonable hypothesis of his innocence.

"It is not your duty to look for some theory upon which to convict the defendant but on the contrary, it is your duty and the law requires you, if you can reasonably do so, to reconcile all the facts and circumstances that have been shown with the innocence of the defendant and to acquit him. .

"If the evidence relating to any or all the circumstances in this case, is, in view of all the evidence, susceptible of two reasonable interpretations, one of which would point to the defendant's guilt and the other would admit of his innonence, then it is your duty in considering such evidence to adopt that interpretation which will admit of defendant's innocence and reject that which would point to his guilt."

While the court did not use the exact language suggested in some of the cases cited, the language here used was even more forceful in telling the jury that the circumstances relied on must not only be consistent with the guilt of the accused but must also be inconsistent with his innocence. The jury was directly told to acquit the appellant if it found the evidence consistent with any reasonable hypothesis of his innocence; to reconcile all facts and circumstances with his innocence and acquit him if this could reasonably be done; and with respect to the evidence relating to any or all of the circumstances, where two reasonable interpretations were possible, to adopt the one favorable to appellant's innocence and to reject the one pointing to his guilt. No prejudicial error appears in this connection.

█ Appellant's final contention is that four instructions should not have been given because there was no evidence which made them applicable. These instructions were to the effect that the mere possession of stolen property is not sufficient to connect the defendant with the perpetration of a burglary in which the property was stolen, but is a circum-

stance which may be considered in connection with other evidence; that there must be corroborating circumstances; that the failure of the accused to reasonably account for his possession is such a circumstance; that false statements showing consciousness of guilt may also be considered; and that a false account or a refusal to give any account of the manner in which he came into possession may be considered. It is argued that there is no evidence here that the appellant was in possession of this gun and no evidence that he made any false statements. These arguments are sufficiently answered by what we have already said in discussing the sufficiency of the evidence. No prejudicial error appears in connection with the instructions given.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.