**UNITED STATES v. NELSON.**

No. 10189.

United States Court of Appeals,
Seventh Circuit.

Nov. 22, 1950.

Rehearing Denied Jan. 16, 1951.

Myer H. Gladstone, William J. McCormack, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., Joseph E. Tobin, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

Defendant was convicted after a trial before the court without a jury of conspiring with four others to commit the offenses of stealing certain goods and chattels from an interstate shipment of freight, with intent to convert same to their own use, and of possessing such goods and chattels knowing them to have been stolen. Defendant was acquitted by the court on Count 2, which charged possession of such goods and chattels. Defendant here urges as error that the evidence does not support the charge of conspiracy, and that the ex-

istence of a conspiracy cannot be proved by evidence of an overt act.

■ To prove conspiracy, proof of an express conspiracy agreement is not necessary. Brayton v. United States, 74 F.2d 389. A conspiracy to commit an offense can rarely be proved by direct evidence. Hence it is not necessary that the participation of one charged with conspiracy should be shown by direct evidence. United States v. Randall, 7 Cir., 164 F.2d 284, 288. This court said in United States v. Holt, 108 F.2d 365, 368: "To sustain a charge of conspiracy, the Government need not furnish proof of the unlawful plan or agreement, but such charge may be sustained by evidence showing concert of action in the commission of the unlawful act, or by proof of other facts from which the natural inference arises that the unlawful acts were in furtherance of a common design of the alleged conspiracy. The crime is frequently established as a result of inferences drawn from the acts of the person accused which may be considered in determining whether a conspiracy exists. * * *"

Daniel Gallagher and Fred Brissa were among the five indicted. Brissa entered a plea of guilty and on the trial testified as a witness for the government. Gallagher pleaded not guilty, was tried with Nelson, and likewise was found guilty of the charge of conspiracy.

The evidence disclosed that a truck load of whiskey was shipped on April 14, 1949, from the Kinsey Distillery in Philadelphia to Chicago, and that on April 18, 1949, the truck with its contents was stolen from the depot of the Midwest Freight Lines in Chicago. It was also established by the testimony that Brissa and Gallagher had several conversations during a period of two or three weeks previous to April 18, 1949; that Gallagher asked Brissa if he could locate a garage on the far south side of Chicago where a big truck could be pulled in, and informed Brissa it would be a truck load of whiskey; that Brissa succeeded in locating a garage at 95th Street and Ewing Avenue; that on two or three occasions thereafter Gallagher telephoned Brissa, seeking reassurance that the space

for the truck was available; that on April 18 Gallagher again called Brissa, saying, "We are ready. Have you got that garage all fixed up?" and upon receiving an affirmative answer directed Brissa to meet him at 95th Street and South Park Avenue, saying, "Get over there as fast as you can"; that when Brissa arrived he saw the defendant Nelson sitting with Gallagher in a green 1946 or 1947 Buick, Nelson being in the driver's seat; that after waiting awhile Nelson and Gallagher drove away but returned in 15 minutes; that after another half hour of waiting, Nelson, Gallagher and Brissa went into a tavern at the corner of 95th and State; that in their conversation while waiting at 95th and South Park the contents of the truck were referred to by Gallagher as "hot" whiskey; that Gallagher, in the presence of the defendant, stated there would be 700 cases of whiskey on the truck, and when defendant was asked by Brissa what kind of whiskey it was he said that he did not know *yet;* that defendant asked Brissa if he had a good place to put the load of whiskey, and also made the following remarks, *"We* will get rid of it," and "They won't get the price that they are supposed to get."

During the period when Brissa, Gallagher and Nelson were in the tavern, the latter two made telephone calls. One (or both) of them said, "It ought to be here by now." The three left the tavern and drove back to 95th Street and South Park Avenue, and again waited for the truck. Gallagher said to Brissa, in Nelson's presence, "I will be right close to you." Brissa then left them to make a telephone call and defendant Nelson and Gallagher drove east on 95th Street, and the evidence showed that defendant Nelson did not act or participate in any of the episodes which followed. Within two minutes after they drove away the truck containing the whiskey was driven up. The driver got out and talked to Brissa, then returned to the truck, and drove it east on 95th Street. The police arrested several of those named in the indictment shortly thereafter.

■ We have set forth the evidence in considerable detail because we feel it clearly

760

establishes the conspiracy charged as well as Nelson's connection with it.

■ In defendant's reply brief, filed after the oral argument, the contention is made that the fact Gallagher referred in Nelson's presence to the whiskey as "hot" did not necessarily mean it was "stolen" whiskey. We think the trial court was justified under the circumstances to consider the word "hot" as synonymous with "stolen." It was so held in People v. Morris, 124 Cal.App. 402, 12 P.2d 679, 680. It has also been held that "hot" is "a thieves' word for stolen." United States v. Rappy, 2 Cir., 157 F.2d 964, 966.

■ Defendant also argues in the reply brief that there is no evidence respecting the contents of the truck, and that while some reference was made to cartons, it could be inferred that the trailer contained nothing more than empty cartons. This argument cannot be sustained, as Edward Tomilson, who was a checker at the Kinsey Sales Corporation, specifically testified that the carton, Government Exhibit 3, was filled with whiskey at the time it was shipped, and the testimony further shows that the shipment arrived at Chicago and was there stolen. We think this is sufficient proof the contents of the truck consisted of cartons containing whiskey, as charged.

■■ Defendant's second assignment of error is that proof of overt acts alone is not sufficient to warrant a conviction for conspiracy. Overt Act 5 (that on April 18 Gallagher had a telephone conversation with Brissa) and Overt Act 6 (that Gallagher, Nelson and Brissa met and had a conversation) were clearly proved. We do not recognize the rule of law contended for by the defendant, because in some instances proof of the overt acts does prove the conspiracy. Marino v. United States, 9 Cir., 91 F.2d 691, 698; Stack v. United States, 9 Cir., 27 F.2d 16, 17. Besides the overt acts, the government here offered much additional evidence to prove the conspiracy, which in the circumstances we must accept as true.

Defendant's assignments of error cannot be sustained. The judgment is

Affirmed.