[Crim. No. 762.   Fourth Dist.   Jan. 23, 1952.]

THE PEOPLE, Respondent, v. RAYMOND DeFORREST JOHNSON, Appellant.

Riley & Ferguson for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant Johnson and one McCoy were jointly charged with burglary and with prior convictions.   They admitted the prior convictions, and a jury found them both guilty of second degree burglary.   Johnson appeals from the judgment and from an order denying his motion for a new trial.

Sometime after 7 p. m. on May 16, 1951, someone broke into the office of a construction company in San Diego

and took a book of blank checks and a check protector. At 10:55 p. m. on that night two police officers were driving through a cemetery when they saw a Ford car parked with its lights out, and headed toward them. The right door of the car was open and someone standing by that door made a throwing motion toward an adjoining ditch. This person then got in and closed the door, the lights went on, and the car started ahead. The officers stopped it, finding McCoy in the driver's seat and the appellant on the other front seat. The stolen checkbook was found under the right front seat, and the car was taken to a garage. The next morning a chisel was found in that car, and the stolen check protector was found in the ditch about 5 feet from the point where the Ford was parked when the officers first saw it. It was conclusively shown that this chisel had been used in opening a window of the burglarized premises.

It is first contended that the evidence is purely circumstantial and not sufficient to support the verdict and judgment. The appellant concedes that a burglary was committed during which the checkbook and check protector were taken; that this checkbook was found in the car in which he was riding; that this check protector was found in a ditch adjacent to the place where this car was first seen; and that the chisel found in this car was used to open the window in the burglarized premises. On the hearing of the motion for a new trial it was further conceded that the evidence was such as to compel an inference that the appellant threw the check protector into the ditch and that he did this with a guilty knowledge of what he was doing, but it was argued that while this might show that he was guilty of receiving or being in possession of stolen property, or of some other crime, it did not show that he participated in this burglary. It is here argued that there is no evidence that the appellant entered this building or in any way assisted anyone else in committing the burglary; that the appellant may be connected with the offense charged only by piling inference upon inference; and that the verdict of guilt rests entirely upon guess, conjecture and surmise.

The appellant had last worked for another construction company. A part of the stolen property, and the chisel used in the burglary, were found in the car in which he was riding. While he testified that he had never seen the checkbook or check protector prior to his arrest, the check

protector was found at the point where he made a throwing motion, and it clearly appears from the evidence that he, and no one else, threw it there. Possession of the stolen property by the appellant was sufficiently shown, and no explanation of such possession was ever given or attempted. (*People* v. *Russell*, 34 Cal.App.2d 665 [94 P.2d 400].) Instead, the appellant denied ever having seen the property. The appellant's testimony conflicted with what he told the officers. Conflicting stories were told as to what the appellant and McCoy had been doing just prior to the time they were seen by the officers, as to which of them was outside the car, and as to where the car was parked when it was first seen by the officers. Some of the evidence in support of an alibi was also conflicting. The evidence, with the reasonable inferences therefrom, was sufficient to support the verdict. (*People* v. *Godlewski*, 22 Cal.2d 677 [140 P.2d 381].)

The only other point raised is that in denying appellant's motion for a new trial the court abused its discretion in refusing to grant him additional time within which to present affidavits on the matter of newly discovered evidence.

The verdict of guilty was returned on July 24, 1951, and on that date the appellant applied for probation and also requested that a date be set for his motion for a new trial on all statutory grounds. The hearing on the motion for new trial was set for July 30, and the hearing on the request for probation was set for July 31. On July 30, the attorney for the appellant moved for a new trial, specifically under subsections 6 and 7 of section 1181 of the Penal Code. His argument on those matters takes nine pages of the transcript. After the district attorney started to reply, the attorney for the appellant interrupted and asked for 48 hours in which to file affidavits on newly discovered evidence. Nothing was said as to the nature of such evidence, whether it could be procured or why it had not previously been presented. The court denied this request, the district attorney argued on the motion, and the motion for a new trial was denied. On the next day, when a hearing was had on the probation report, counsel for the appellant asked leave to reopen his motion for a new trial and requested "time in which to submit affidavits on newly discovered evidence." When the court asked what this newly discovered evidence was, counsel stated that he believed that McCoy

"would complete an affidavit to the effect he would testify as he has already told the story to the probation officer."

The court denied the request to reopen the motion for a new trial, pointing out that McCoy had told an entirely different story on the stand; that no reference to a third party had been made until after the trial; that any such change in the story told would make perjurors out of McCoy, his wife and his mother; and that he had little faith in such a change of story, to shift the blame to someone else, after taking chances on a jury's verdict. The request was belatedly made, no satisfactory showing was made, and no abuse of discretion appears.

The judgment and order are affirmed.

Griffin, J., and Mussell, J., concurred.