[Crim. No. 2996.   First Dist., Div. Two.   May 14, 1954.]

THE PEOPLE, Respondent, v. ERNIE CONRAD, Appellant.

J. Maxwell Peyser for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond Momboisse, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Appellant and one Lewis were tried jointly before the court without a jury on a charge of burglary. Both defendants were also charged with, and admitted, a prior felony conviction.   The trial court found appellant guilty and defendant Lewis not guilty.   The appeal is from the judgment and from the order denying a new trial. Appellant raises two grounds for a reversal of the judgment:

(1) that the evidence is insufficient, and (2) that Lewis's testimony lacks proper corroboration.

The appellant was an employee of a construction firm working under a building contract. The company maintained a shed on the premises in which it stored tools, nails and bolts. The shed was locked with a padlock. The shed was closed and locked at quitting time on a Friday. The following day a foreman of the company found that the lock had been broken and on the following Monday it was found that eight cartons of nails had been removed. On the same Friday night Conrad approached Lewis and arranged with him to store the nails in Lewis's basement. This was done and Conrad directed Lewis to arrange for the sale of the nails agreeing to pay him one-half of the profits. Lewis made such a sale and he, Conrad and an employee of the purchaser went to the Lewis basement to make delivery. While Conrad and Lewis were carrying the nails from the basement to the purchaser's truck they were apprehended by the police and placed under arrest. Lewis gave a full statement of the circumstances. Conrad failed to deny any of the facts stated and refused to answer all questions directed to him by the police concerning his participation in the crime.

A defendant's possession of stolen property immediately following the burglary taken with false and misleading statements regarding his possession (*People* v. *Russell,* 34 Cal.App.2d 665, 669 [94 P.2d 400], his familiarity with the premises burglarized (*People* v. *Carroll,* 79 Cal. App.2d 146, 148 [179 P.2d 75] ; *People* v. *Stewart,* 113 Cal. App.2d 687, 691 [248 P.2d 768]), the sale of stolen goods for an inadequate price (*People* v. *Buratti,* 96 Cal.App.2d 417, 419 [215 P.2d 500]), all of which elements are present here, is sufficient corroboration of the inference of guilt arising out of the possession of the stolen goods.

The argument that Lewis was an accomplice whose testimony must be corroborated under section 1111 of the Penal Code is unsound. The parties were tried on a charge of burglary. All the evidence shows clearly that Conrad alone committed the burglary and that Lewis's connection with the crime was that of an accessory after the fact—in the concealment and disposal of the stolen goods. A thief and the receiver of stolen property are not accomplices in the theft. (*People* v. *Lima,* 25 Cal.2d 573, 576 [154 P.2d 698] ; *People* v. *Burness,* 53 Cal.App.2d 214, 218-219 [127 P.2d 623].)

The clearest statement of the rule is found in *People* v.

*Gordon,* 41 Cal.App.2d 226, 227 [106 P.2d 208], where Justice McComb said: "The law is established in California that one who receives stolen property is not an accomplice of the thief within the rule set forth in section 1111 of the Penal Code requiring corroboration of the testimony of an accomplice. (*People* v. *Williams,* 7 Cal.App.2d 600 [46 P.2d 796].)"

Judgment and order affirmed.

Dooling, J., and Kaufman, J., concurred.