Stephen Paul WILLARD,
Petitioner–Appellant,

v.

Edward S. ALAMEIDA, Jr., Director,
Respondent–Appellee.

No. 03–55592.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided Aug. 13, 2004.

Stephen Paul Willard, San Luis Obispo, CA, pro se.

Antonio F. Yoon, San Diego, CA, for Petitioner–Appellant.

Attorney General for the State of California, Kristine Alton Gutierrez, DAG, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: D.W. NELSON, JOHN R. GIBSON,* and GRABER, Circuit Judges.

MEMORANDUM **

Petitioner Stephen Paul Willard appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000). We affirm.

We review a district court's denial of habeas corpus relief de novo. *Luna v. Cambra,* 306 F.3d 954, 959 (9th Cir.), *amended by* 311 F.3d 928 (9th Cir.2002). Because Willard filed his petition after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. *See Luna,* 306 F.3d at 960.

Willard claims that his trial counsel's failure to investigate the existence of Alan

---

* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Peters and subpoena him for trial constituted ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, Willard must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In the last reasoned state court decision, the California Fourth District Court of Appeal held that Willard had not shown that the absence of the alleged alibi testimony prejudiced his defense. The court reasoned:

> Mr. Peters' testimony would have only called into question Ms. Holt's memory of the specific time that she heard petitioner at the scene of the burglary, not whether she heard him there at all. Even assuming Ms. Holt was mistaken as to the time she heard petitioner, the evidence, including the unoffered testimony of Mr. Peters, was not inconsistent with petitioner being present moments after the time recollected by Ms. Holt and before the return of the victims. Petitioner has failed to demonstrate any prejudice as a result of counsel's failure to interview and subpoena Mr. Peters.

The AEDPA mandates a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). It is not enough for this Court to find that the state court decision was incorrect, *Woodford v. Visciotti*, 537 U.S. 19, 24–25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam), or even that the state

court committed clear error, *Clark v. Murphy*, 331 F.3d 1062, 1068 (9th Cir.), *cert. denied*, 540 U.S. 968, 124 S.Ct. 446, 157 L.Ed.2d 313 (2003). Rather, the state court decision must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

We conclude that the state court's holding that Willard failed to establish prejudice under *Strickland* was not objectively unreasonable and its factual findings were not unreasonable. First, Peters's potential testimony was weak because it did not preclude Willard's participation in the burglary. Peters's declaration stated that he would testify to seeing Willard at Fiesta Billiards between 8:00 and 8:30. Peters noted that "Fiesta Billiards is a large place ... I can't say when Mr. Willard and Ms. Keefe arrived or when they left Fiesta Billiards. All I can say is I saw them in the dart board area for about 15 minutes, and they were definately [sic] there at 8:15 PM." Even assuming the jury would have fully believed Peters's testimony, it would have given Willard an alibi only until 8:15 p.m. The only evidence at trial regarding the traveling time between the bar and the cottages indicated a trip of twenty minutes, which could have put Willard at the scene of the crime at 8:35, or a mere five minutes after Holt's time frame. It also would fit his presence at the cottages within the time of the burglary, which occurred sometime between 7:30 and 9:00 p.m.[1]

Moreover, the likelihood of prejudice is substantially diminished by the strong evidence of Willard's guilt. *See Hart v. Gomez*, 174 F.3d 1067, 1072 (9th Cir.1999) (citing *Eggleston v. United States*, 798

---

1. At oral argument, Willard took issue with the state court's statement that the burglary occurred between 7:30 and 9:00, arguing that the victim's testimony suggested that he returned home at 8:45 or 8:50, not 9:00. However, there is evidence in the record to support the state court's determination, as the victim's subsequent testimony suggested that he returned between 9:00 and 9:15. Thus, the state court's determination was not objectively unreasonable. *See* 28 U.S.C. § 2254(d)(2); 28 U.S.C. § 2254(e)(1).

F.2d 374, 376 (9th Cir.1986)). The prosecution's strongest evidence against Willard was his possession of the property stolen in the burglary. Under California law, possession of stolen property alone is insufficient to support a burglary conviction; however, the additional evidence of guilt need only be slight. *People v. Citrino,* 46 Cal.2d 284, 294 P.2d 32, 35 (Cal.1956). Even without Holt's testimony, there is circumstantial evidence tending to show Willard's guilt, such as his implausible story of discovering the stolen property, his proximity to and familiarity with the victims' home, his use of the false "Hensley" license to sell some of the stolen property, and his misrepresentation to the victim that he did not know anyone named Hensley. Because the burglary case against Willard was strongly supported by the record, it is less likely that the omission of Peters's testimony was prejudicial. *See Strickland,* 466 U.S. at 696, 104 S.Ct. 2052.

Finally, we acknowledge the possibility that Peters's testimony could have had some positive impact on the jury's determination of Willard's credibility. However, the state court's implicit determination that the deprivation of weak corroborative testimony is not sufficient prejudice under *Strickland* is not objectively unreasonable under Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Moreover, the likelihood of prejudice is further diminished by the fact that Willard's defense was not supported solely by his own testimony. Keefe took the stand and corroborated Willard's alibi. Because Peters's testimony would have been redundant of Keefe's, this case is unlike *Brown v. Myers,* 137 F.3d 1154, 1158 (9th Cir.1998), where "without any corroborating witnesses, [petitioner's] bare testimony left him without any effective defense."

Because the state court's denial of post conviction relief was not an unreasonable

application of clearly established federal law or based on an unreasonable determination of the facts, the habeas relief Willard requests is not permissible under § 2254(d). The judgment of the district court is AFFIRMED.