[Crim. No. 5604.   Second Dist., Div. One.   Nov. 26, 1956.]

THE PEOPLE, Respondent, v. BILLY RAY, Appellant.

258

Billy Ray, in pro. per., and E. R. Williams for Appellant.

Edmund G. Brown, Attorney General, and Bonnie Lee Hansen, Deputy Attorney General, for Respondent.

DORAN, J.—The appellant was convicted of burglary in the second degree, and of grand theft. During the night of August 1, 1955, the Huntington Park High School was entered, apparently through a window, and five typewriters, a small radio, and an electric coffee pot were missing the next morning.

About August 9, 1955, the defendant was arrested in Dallas, Texas, while attempting to pawn one of the typewriters. Prior to arrest, the defendant had pawned another of the typewriters in Dallas, using the name of Robert Jackson. The defendant had also pawned a third such typewriter at San Bernardino, California, enroute to Dallas; defendant admitted having sold a coffee pot for $3.00.

In explanation of the possession of the stolen property, the defendant claimed to have bought it from a merchant seaman, paying $125 therefor, but testified that the bill of sale had been taken by the Dallas police, and that the seller's name had been forgotten. The defendant admitted two prior convictions.

At the arraignment defendant denied having money to employ an attorney and stated, "I would rather be by myself—defend myself," to which the court replied, "I will appoint the Public Defender." There was no further objection by the defendant who was thereafter represented by a deputy public defender. After the trial and conviction, defendant discharged the public defender.

It is now contended that "The public defender was appointed to defend appellant contrary to the wishes of the appellant, this violates appellant's constitutional right to defend himself and was prejudicial error." This contention must be deemed untenable. ▆ As set forth in the respondent's brief, it is conceded that a defendant "does have a

right to represent himself," but to all appearances the defendant in this case waived such right. It appears that appellant cooperated with the public defender's office throughout the trial, and "It was not until after the appellant was found guilty that he maintained he had been deprived of his right to defend himself." ██ As respondent states, "An accused cannot remain silent gambling on his chances for a favorable verdict and then when the verdict has gone against him, raise objections of which he knew and which could have been raised during the trial."

The record fails to show that the appellant suffered any prejudice whatsoever, by reason of the appointment of the public defender to represent appellant, or otherwise, but on the contrary indicates that appellant was ably and adequately represented at the trial, and that the case was fully and fairly presented. At the hearing of appellant's motion for a new trial, the trial court said: "I do at this time commend the public defender for the manner in which he presented the case. The case was tried by the jury; they apparently refused to believe the story of the defendant."

That the record discloses substantial and sufficient evidence to sustain the judgment of conviction cannot be doubted. ██ The defendant's recent possession of the stolen typewriters coupled with the offered explanation thereof, evidence of flight on the day following the burglary, defendant's inability to remember the name of the alleged seller of the property or to produce the claimed bill of sale therefor, together with other evidence, adequately support the jury's verdict. No miscarriage of justice has been made to appear.

The appellant has petitioned this court for permission to file a supplemental brief and to present in evidence an alleged receipt purporting to show that appellant purchased the stolen typewriters. This document reads as follows:

"Los Angeles, California.
August 2, 1955

"I received from Bill Ray this date the sum of *$125.00* as payment in full for three Royal Typewriters.

/s/ Frank Grabowski
/t/ Frank Grabowski, USMM
1537 Rodney Drive
Los Angeles, Calif."

The verified petition by appellant's attorney in reference to the above paper states, "On October 16, 1956 I received

the original document . . . by airmail from the appellant's brother, Quentin Ray, who resides in Indianapols, Indiana. I have been informed by the brother that this document which is a receipt was found in a suitcase which belonged to appellant and which was sent to the brother pursuant to appellant's instructions by the Dallas, Texas, Police Department.''

The petition must be denied. ■ As respondent points out, the purported receipt is ''merely corroborative of testimony which the jury heard and chose not to believe. This is the type of evidence which should have been argued, if at all, on a motion for new trial. The receipt . . . was known about at the time of trial. There was no showing that an attempt was made to locate it in time for the trial nor in time for the motion for a new trial. Finally, it appears, that the evidence . . . is pure hearsay. . . . Even if these facts were established there is no guaranty that the receipt is authentic. . . .''

■ The rule expressed in *People* v. *Evans*, 102 Cal.App.2d 320 [227 P.2d 461], is here applicable, namely that ''matters raised in the brief, which appear to be merely unsworn statements of the defendant as to certain purported facts . . . not before presented to the trial court for consideration, cannot be considered on appeal.''

The petition to file supplemental brief is denied. The judgment and order denying a new trial are affirmed.

White, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 19, 1956.