[Crim. No. 6655.  Second Dist., Div. Two.  Dec. 15, 1960.]

THE PEOPLE, Respondent, v. PHIL L. TANNEHILL, Appellant.

Harold J. Ackerman, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Edsel W. Haws, Deputy Attorneys General, for Respondent.

KINCAID, J. pro tem.*—By information appellant Phil L. Tannehill and his codefendant Hubert Junior Walker were jointly charged with the crimes of burglary and grand theft. Count I charged the crime of burglary in that said defendants on or about the 12th of June, 1958, did enter the residence of Bessie Loo with the intent to unlawfully and feloniously commit theft. Count II charged them with commission of the crime of grand theft in that they did wilfully, unlawfully and feloniously take personal property of a value of $2,571, being the property of Bessie Loo. The information likewise charged Tannehill with prior convictions of escape and violation of section 503 (now 10851) of the Vehicle Code. Tannehill admitted both prior convictions.

Following jury trial appellant Tannehill and codefendant

---

*Assigned by Chairman of Judicial Council.

Walker were convicted of burglary, first degree, count I and grand theft, count II. Tannehill's motion for new trial was denied and he alone appeals from the judgment and from the order denying new trial.

Briefly the facts show the home of Mrs. Loo was burglarized on the night of June 12, 1958. Numerous items of personal property were taken, including a diamond ring, several valuable furs, four suitcases, silverware and a blue Chinese-style dress with high mandarin collar. Several of these items were received in evidence and were identified by Mrs. Loo including one suitcase with her initials ''B.S.L.'' printed thereon and a mink stole into the lining of which her same initials were embroidered.

A neighbor of Mrs. Loo returned to her home about 11:30 p.m., June 12th, and saw a light green automobile with a Texas license parked across the street from the Loo home with two young men of slight build in the automobile.

Witness Joanne Brito testified that she met Tannehill and Walker in May 1958 and saw them together about 10 times prior to the middle of June, 1958. In June, about the 12th, 13th or 14th, at about 11:30 p.m., they brought five suitcases to her apartment and asked her if they could leave them until the next day. She consented. They then gave her a Chinese-type blue sheath dress with mandarin collar. It proved to be too small for her and she later gave it away. Defendants removed the five suitcases from the apartment the next day.

Two days later defendants again brought two or three suitcases to Joanne's apartment, opened them and showed her the contents. She identified Exhibit 2, the mink stole, as being one of the objects removed from the suitcases and shown her by defendants. The suitcase, Exhibit 1, was identified by her as being similar to one brought to her by defendants. She asked them where the various articles of personal property came from but got no reply. They came to her home in an automobile which she described as an apple green Chevrolet.

Walker's fingerprints were found at the Loo home and he and Tannehill were arrested in Texas possessed of certain furs. Tannehill stated he had purchased the furs from a man on Main Street in Los Angeles but refused to further discuss the burglary. The suitcase, Exhibit 1, was in their possession in Texas and was returned here with them.

In a later conversation, when the repossessed furs and another suitcase with the name ''Loo'' thereon were shown defendants, Walker said he didn't know why he had not disposed of the furs and that he had told Tannehill a long time

ago, "We should have gotten rid of these." Tannehill replied, "Yes, but it's too late now."

Walker confessed the burglary and that he drove a light green Chevrolet with Texas license plates on that occasion. Neither defendant took the witness stand at the trial.

Tannehill makes the following contentions by way of appeal: The evidence is insufficient as a matter of law to sustain the judgment; the instruction on evidence of possession of property is misleading and the trial court erred as a matter of law in instructing the jury upon the definition of a confession or admission when there was no evidence of a confession by Tannehill.

Respondent contends, and we agree, that the evidence is sufficient to sustain the judgment of the conviction for burglary and grand theft and the two contested instructions correctly presented to the jury the law applicable to the present case.

Tannehill did not explain in any way his possession of the suitcases and as to the furs only explained that they were bought from some unknown man on Main Street in Los Angeles without further details. The evidence clearly shows that said defendant was in possession of property stolen from the residence of Mrs. Loo. ▮▮▮ Possession alone of property stolen in a burglary is not of itself sufficient to sustain the possessor's conviction of that burglary, but must be corroborated by evidence of acts, conduct, or declarations tending to show guilt. ▮▮▮ When possession is shown, however, the corroborating evidence may be slight and the failure to show that possession was honestly obtained is itself a strong circumstance tending to show the possessor's guilt of the burglary. (*People* v. *Kefry,* 166 Cal.App.2d 179, 189 [332 P.2d 848]; *People* v. *Citrino,* 46 Cal.2d 284, 288 [294 P.2d 32]; *People* v. *Ray,* 146 Cal.App.2d 257, 259 [303 P.2d 591].)

▮▮▮ Possession of stolen property, coupled with false statements as to the manner in which the property came into defendant's possession, may be sufficient evidence to sustain a conviction of burglary. ▮▮▮ The question as to whether Tannehill was telling the truth as to the manner in which he came into possession of the stolen property was solely for the jury and in light of the evidence here produced the jury was justified in rejecting his explanation of the possession of such property. (*People* v. *Citrino, supra,* pp. 288-289; *People* v. *Mercer,* 103 Cal.App.2d 782, 789 [230 P.2d 4].)

▮▮▮ Appellant's attempt to explain the possession of the

stolen property is extremely weak. Details of the alleged purchase of the furs are lacking and there was no attempt made to explain the possession of the other stolen items. Taken as a whole the evidence is amply sufficient to sustain the judgment of conviction as to both counts.

Appellant next complains that the instruction given the jury relating to evidence of possession of property (CALJIC Instruction No. 203), while generally correct, is confusing in that the last sentence thereof indicates that a mere failure to account for honest possession of stolen property is sufficient without requiring that such factor must be accompanied by other incriminating facts. The previous paragraph of such instruction, however, fully covered the claimed deficiency by saying that possession by defendant of property stolen from the burglarized premises would be a circumstance tending in some degree to show guilt, although not sufficient, standing alone and unsupported by other evidence, to warrant the jury finding him guilty. In addition to proof of possession of such property there must be proof of corroborating circumstances tending of themselves to establish guilt. Such corroborating circumstances may consist of acts, conduct, falsehood, if any, or other declarations, if any, of the defendants and any other proved circumstance tending to show the guilt of the accused. This instruction as a whole has been generally approved in *People* v. *Citrino, supra*; *People* v. *Lang*, 142 Cal. 482 [76 P. 232] and *People* v. *Taylor*, 4 Cal. App.2d 214, 217 [40 P.2d 870], and there is no merit in appellant's contention of error in the giving thereof.

As to Tannehill's complaint relative to the instruction concerning admissions and confessions, the record discloses CALJIC Instruction Number 29 (revised) was given. He contends that the instruction is in the plural and thus is applicable to both defendants and the jury was thereby in effect told that he had made a confession. Tannehill never made a confession although Walker did. The instruction, however, merely provided that "the defendants themselves made statements tending to prove their guilt . . ." It stated that "[a] statement thus made by a defendant may be either a confession or an admission." A confession and an admission were then each defined. Tannehill's statements were admissions and the mere giving of abstractly correct instructions on confession as well as admission does not constitute prejudicial error herein. Appellant has failed to show any prejudice to him, in the light of the record, by the giving of

this instruction. (*People* v. *Southack,* 39 Cal.2d 578 [248 P.2d 12] ; *People* v. *Gardner,* 147 Cal.App.2d 530 [305 P.2d 614] ; *People* v. *Fluery,* 161 Cal.App.2d 630 [327 P.2d 47].)

The evidence is amply sufficient to support the judgment; the instructions given were correct as a matter of law and any implications contained in the instruction dealing with the subject of confession could not be deemed prejudicial in the light of the facts and the authorities insofar as appellant is concerned.

The judgment and the order denying a new trial are affirmed.

Fox, P. J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 8, 1961.