[Crim. No. 11840. Second Dist., Div. Two. Nov. 21, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. DUANE EDWARD KRUG, Defendant and Appellant.

Duane Edward Krug, in pro. per., and Arthur Cooper, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Daniel J. Kremer and Philip R. Birney, Deputy Attorneys General, for Plaintiff and Respondent.

ROTH, P. J.—This appeal is from a judgment entered and sentence imposed after a jury found appellant guilty of robbery in the first degree. (Pen. Code, § 211a). No appeal can be had from the sentence. This portion of the appeal is dismissed. (Pen. Code, § 1237.)

At about 9:15 p.m., on June 4, 1965, George G. Epstein was alone in his liquor store on Sepulveda Boulevard in Van Nuys, checking the cash register tape. The register was open. Appellant and codefendant Michael LaGrua entered the store and surrounded Epstein.

One of the men said, "This is a holdup" and told Epstein to hand over the money. Epstein looked up and saw appellant with a gun in his hand, standing to the left of the cash register, and LaGrua to the right. Epstein did not respond promptly. Appellant struck him in the face. Appellant and LaGrua then took about $91 from the register and ran out the door.

Epstein followed. He saw the men flee in an automobile which he described as a 1952-1954 dark colored Cadillac. At trial, he identified photographs of a 1953 green Cadillac as a similar car.

In the morning of June 9, 1965, Epstein was summoned to a lineup. During the lineup, he identified LaGrua as one of the participants of the crime. At a second lineup that afternoon, Epstein identified appellant.

Two days prior to the lineup, to wit: June 7, 1965, Detective Brondell had interviewed LaGrua who had been advised of his constitutional rights. LaGrua confessed to the robbery. He refused to identify his accomplice, but stated that the accomplice had held the gun and that the automobile used belonged to his accomplice.

Appellant testified in his own behalf. He denied being at the liquor store at the time of the robbery and stated that on the night of the crime he had loaned his automobile to La-

Grua. He also testified that after his arrest he went to the store four times without being recognized by Epstein.

By stipulation, appellant's case was consolidated on trial with LaGrua's. A jury found both defendants guilty of violating Penal Code, section 211. LaGrua was found not to have been armed.

Appellant's primary contention is that the admission of LaGrua's confession constituted reversible error under the rules laid down in *People* v. *Aranda,* 63 Cal.2d 518 [47 Cal. Rptr. 353, 407 P.2d 265]. *Aranda* holds that if the prosecution proposes to introduce evidence of extra-judicial statements of one defendant that implicates a codefendant, the trial court must either (1) effectively delete the incriminating portions of a confession against a codefendant, or (2) grant a severance of trials. The *Aranda* rule is applicable to cases on appeal tried before the date it was announced. (*People* v. *Charles,* 66 Cal.2d 330, 332 [57 Cal.Rptr. 745, 425 P.2d 545].) We therefore consider the effect of LaGrua's confession on appellant.

*Aranda* holds that incriminating statements which must be deleted include ". . . not only direct and indirect identifications of codefendants but any statements that could be employed against nondeclarant codefendants once their identity is otherwise established." (*People* v. *Aranda, supra,* at page 530.) In the present case, the victim testified that the car used by the robbers was "similar" to appellant's automobile. He had identified appellant. Appellant testified that he loaned his vehicle to LaGrua. In light of the totality of evidence presented at trial, it appears that LaGrua's statements were implicit with inevitable inferences against appellant. These inferences from LaGrua's confession violated the practice prescribed in *Aranda.*

Failure to adhere to the *Aranda* procedures, however, is grounds for reversal only if it causes prejudicial error. (*People* v. *Charles, supra,* at page 337; *People* v. *Lara,* 67 Cal.2d 365, 392-393 [62 Cal.Rptr. 586, 432 P.2d 202]; *People* v. *Wattie,* 253 Cal.App.2d 403, 411-414 [61 Cal.Rptr. 147].) No question of federal practice is involved. The relevant standard of prejudicial error stems not from federal laws as urged by appellant, but from state law. (Cal. Const., art. VI, § 13; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

Appellant's guilt was established by clear and convincing evidence. The victim saw appellant in the process of committing the robbery and later identified him from a lineup and at

the trial. Appellant's automobile was identified as being similar to the one used by the criminals. His alibi was essentially uncorroborated. The implicating inferences that could be drawn from the LaGrua confession were at best a weak additional link wholly unnecessary to sustain a conviction beyond a reasonable doubt. We find no reasonable probability in this case that the jury would have returned a more favorable verdict for appellant if the procedure set forth in *Aranda* had been strictly followed. (*People* v. *Watson, supra,* at page 836.)

Appellant urges us to consider the soundness of the California rule allowing impeachment of a witness by showing a prior felony conviction which is not final and which is then on appeal. The record before us does not show that appellant's conviction was on appeal. We cannot consider matters not shown by the record. (*People* v. *Ray,* 146 Cal.App.2d 257, 260 [303 P.2d 591] ; *People* v. *Jackson,* 230 Cal.App.2d 485, 490 [41 Cal.Rptr. 113].)

Appellant's final argument that the absence of counsel at the lineup is reversible error is disposed of by the recent case of *People* v. *Feggans,* 67 Cal.2d 444 [62 Cal. Rptr. 419, 432 P.2d 21], holding that this right (see *United States* v. *Wade* (1967) 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926] and *Gilbert* v. *California* (1967) 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951]) is not applicable to a trial held before June 12, 1967.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied December 19, 1967, and appellant's petition for a hearing by the Supreme Court was denied February 8, 1968.