[Crim. No. 15465.   Second Dist., Div. One.   June 5, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. THEODORE FARRANT, Defendant and Appellant.

David C. Marcus for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of grand theft of an automobile.

In an information filed in Los Angeles on August 22, 1967, defendant was charged with taking the automobile of Irving Shapiro on or about May 29, 1967, or May 30, 1967; in count II he was charged with receiving stolen property (the automobile mentioned) on or about June 3, 1967. Defendant pleaded not guilty and upon stipulation of all counsel and defendant the cause was submitted on the testimony contained in the transcript of the proceedings had at the preliminary hearing and the exhibits received in evidence at the preliminary hearing. Defendant was found guilty as charged in count I (grand theft) and not guilty as charged in count II. Probation was denied and defendant was sentenced to the state prison. A timely notice of appeal was filed.

A résumé of some of the facts is as follows: on Monday, May 29, 1967, Irving Shapiro drove his blue 1962 Jaguar automobile, license number LZP 074, identification number J62P221152DN to his place of business at 7033 Sunset Boulevard in Los Angeles and parked the car at about 10 a.m. in his garage. Shapiro left his place of business at about 7 p.m. that evening and the car was still in the garage. He did not drive that car away. On Tuesday, May 30, the day following, Shapiro went to work at his place of business at about 10 a.m. and the Jaguar car was gone from the garage. No one had been given permission to use or remove that car from the garage and never at any time had Shapiro given defendant or his wife permission to drive or use either of his automobiles.

Dale Hall was the owner and operator of an automobile body repair and paint shop in Whittier, California. On Saturday afternoon at about 5 p.m. of June 3, 1967, defendant and his wife drove Shapiro's Jaguar into Hall's shop. Defendant occupied the right front passenger seat of the car. Hall previously had been introduced to defendant, however, he had never done any work for him. Defendant got out of the Jaguar as Hall walked toward them and defendant asked Hall "to paint their car" and then asked "what it would cost for a paint job for this car." Defendant wanted to know from Hall if Hall "could paint *his car* and how soon" and stated that "He just didn't like the color on it and he needs the money to pay for attorney's fees," that he "wanted it to look good to sell it" and that he "had a buyer looking for it." Hall told defendant that "it was a shame to paint this car it was too beautiful." Defendant however said he wanted it painted because then it would be easier to sell. At first defendant told Hall that he needed money for some attorney's fees and then that he wanted to sell the car so he could get some money and then that he did not like the color. Defendant and his wife looked through a color book or chart and upon her selecting a color she apparently liked defendant signed a work authorization order to paint the Jaguar.

Before defendant left the Hall shop he took off of the Jaguar the license plates which were on the car when it was driven into the shop. Defendant advised Hall that there was another set of license plates underneath the floor mat of the trunk of the car and those plates were the ones which belonged to the Jaguar. Defendant told Hall, too, that the car had been in storage for a couple of years.

After defendant and his wife left Hall's place of business

Hall inspected the car and made some pertinent observations. Hall first noticed that the car had "fresh watermarks" on it and that the "registration had a different name on it." Hall apparently was concerned and then made some other checks. He noted that "the plate on the firewall appeared to be altered" because among other things he noticed that the plate was held on by "two pot rivets" instead of the normal "four brass rivets" and there were "two other holes." Hall went to his repair manual and noted that according to the number on the chassis the car was supposed "to have an automatic transmission" and this car had a "four speed" transmission. Hall further checked the identification numbers and found that the "number under engine number did not match the engine on the car." There was no evidence that the car had been in a wreck or been damaged. The identification plate bore chassis number 218940BW. The two license plates under the floor mat bore the letters and numbers IPC 282. These numbers belonged to a salvage vehicle sold by Thomas Williams in about 1965. Hall called the office of the sheriff and the investigation and arrest of defendant followed.

Thomas Williams of Brentwood had been the owner of a 1962 black Jaguar in 1965, California license number IPC 282 and chassis number 218940BW. The car was wrecked in an accident on October 23, 1965, beyond repair and was taken to Bowen's Repair Shop at Barrington and Santa Monica Boulevard. Williams was told by an insurance representative that a Mr. Patrick Martin would call him with reference to purchasing the car for $250. Two men called on Williams, one of whom was defendant and he, the defendant, said that his name was Patrick Martin and defendant paid Williams $233 in cash for the car as salvage. Needless to say the defendant offered no defense testimony.

■ Appellant now asserts that the evidence is insufficient to sustain the judgment. There is no merit to the contention. Appellant seems to argue that there is no evidence from anyone who saw him take the car and that there is no evidence that he intended permanently to deprive Shapiro of the possession of his car or that he, the defendant, made any false statements or representations to Hall. The record belies appellant's argument. Appellant went to a paint shop to get a car painted which even the owner and operator of the paint shop attempted to dissuade appellant from having the car painted because it did not need painting; he said he wanted to make a quick sale and the paint job would facilitate such a sale; he

removed the license plates from the car and took them with him and left the plates from another car which he had purchased as salvage under a false name; he said the car had been in storage for two years when in fact it had been stolen the Monday night or Tuesday morning before.

■ Possession of a stolen car is not of itself sufficient to sustain a conviction of grand theft auto but corroborating evidence of acts, conduct, or declarations (plus possession of the stolen car) need be but slight. The failure to show that possession was honestly obtained is itself a strong circumstance tending to show the possessor's guilt of the theft. (*People* v. *Citrino*, 46 Cal.2d 284, 288-289 [294 P.2d 32]; *People* v. *Russell*, 120 Cal.App. 622, 625 [8 P.2d 209]; *People* v. *Morris*, 124 Cal.App. 402, 404 [12 P.2d 679].) ■ Appellant at the trial made no effort to show that his possession of the car was honestly obtained or that it was obtained upon any theory inconsistent with his guilt of the offense charged. Such failure upon his part is a strong circumstance tending to show his guilt. (*People* v. *Ransome*, 180 Cal.App.2d 140, 147 [4 Cal.Rptr. 347]; *People* v. *Lang*, 142 Cal. 482, 484-485 [76 P. 232]; *People* v. *Taylor*, 4 Cal.App.2d 214, 217 [40 P.2d 870].)

■ As to appellant's argument that there was no evidence to indicate that he intended to deprive the owner of the car, we think it is clear that if he intended to sell the car, as he told Hall, he clearly did not intend to get the car back to Shapiro. The changing of the identification numbers, changing of the license plates and painting it a different color, in the absence of some explanation clearly were not done to the end that the police or Shapiro could locate the car easily, and would seem to justify the inference that appellant intended to convert the automobile to his own permanent use or at least that Shapiro would be deprived of the car permanently.

While not considered by us for the purpose of reviewing the validity of the conviction of appellant we in the interest of completing the record cannot overlook the observations made by the trial court at the time of sentence, where it appears from the record that appellant previously was convicted of the same type of offense and where he had been sent to the Department of Corrections, then sent back and placed on probation under strict conditions. We have read the opinion prepared by Acting Presiding Justice Cobey for Division Three of this court titled People v. Theodore E. Farrant, No. 13947 with reference to the previous cases where the judgment

ordering probation was affirmed and we note a surprising sameness to the course of action followed in this case. At the time of pronouncing judgment appellant's counsel argued in effect to the judge that appellant had not been involved in stealing cars for a year (since he was placed on probation) and that it was only "momentary weakness" when he bought the car that he had reason to believe was stolen and that "he did make a mistake which he freely admits, and he was in a situation with that type of activity which was a situation where he could make that kind of mistake." The judge was unimpressed.

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.