[Civ. No. 18939. First Dist., Div. One. Nov. 12, 1959.]

MICHAEL H. POLOS, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

John R. Golden for Petitioner.

Stanley Mosk, Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

FOLEY, J. pro tem.*—Petitioner was accused by information of the crime of burglary. He moved to set aside the information upon the ground that he had been committed without reasonable or probable cause. This motion was denied. He now seeks a writ of prohibition to restrain the respondent court from taking any further proceedings in the matter.

*Assigned by Chairman of Judicial Council.

An information must be set aside if the defendant has been committed without reasonable or probable cause. (Pen. Code, § 995; *People* v. *Jablon,* 153 Cal.App.2d 456, 458 [314 P.2d 824].) In such a case the trial court should grant a motion to set aside the information, and if it does not do so, a peremptory writ of prohibition will issue to prohibit further proceedings. (*Priestly* v. *Superior Court,* 50 Cal.2d 812, 815 [330 P.2d 39].)

" 'Sufficient cause' and 'reasonable and probable cause' mean such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused. . . ." (*Rogers* v. *Superior Court,* 46 Cal.2d 3, 7-8 [291 P.2d 929].)

In *People* v. *Platt,* 124 Cal.App.2d 123, 131 [268 P.2d 529], the court stated, "On a motion to set aside an information, the question of the guilt or innocence of the defendant is not before the court, nor does the issue concern the quantum of evidence necessary to sustain a judgment of conviction. The court is only to determine whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense had been committed in which the defendant participated. (*Weber* v. *Superior Court,* 35 Cal.2d 68, 69 [216 P.2d 871].)

A court may not substitute its judgment as to the weight of the evidence for that of the magistrate. If there is some evidence to support the information, the courts will not inquire into its sufficiency. Under section 995 of the Penal Code, the information will be set aside only where there is no evidence that a crime has been committed or there is no evidence to connect the defendant with a crime shown to have been committed. (*Lorenson* v. *Superior Court,* 35 Cal.2d 49, 55-57 [216 P.2d 859].)

In the instant case there is ample evidence that the crime of burglary had been committed but there is no evidence to connect the petitioner with that crime as the following résumé of the record demonstrates.

Sometime between 5:30 p.m. of March 4, 1958, and 8:00 a.m. of the following morning, the warehouse of the Dalziel Plumbing Supplies Company in San Francisco was broken into and certain power tools were stolen.

Petitioner is the owner of a restaurant. On the evening of April 4, 1958, a month after the burglary, Nicholas Russo, a carpenter, and his wife, patrons of and previously known to petitioner, visited petitioner's restaurant. Petitioner offered

to sell to Russo two power tools, an electric drill for $15 and a saw for $50. Believing this to be a good deal, Russo agreed to buy the tools, paying for them in installments. Upon departing, Russo took the tools with him and placed them in his car. On this occasion petitioner stated: "You know, you can't use the guarantee on these." According to Russo, petitioner had never concealed the tools. Russo knew that the drill and saw were not new since he had seen the petitioner using them to repair a door. Russo further testified that the price of a new saw was $95 and that the price of $50 for the saw was pretty cheap. George Wayne Coffee, Jr., secretary of Dalziel Plumbing Supplies, testified that the saw and drill sold by petitioner to Russo were of a similar model number to the type that were stolen from the company on March 4, 1958. Mr. Coffee further testified that the drill and saw sold by petitioner were similar as to make and model to the tools stolen from the company.

Respondent contends that the evidence adduced at the preliminary hearing showed the occurrence of the crime of burglary and possession of the fruits of that crime by petitioner. However, the evidence does not show that the tools sold by petitioner were the tools which were stolen from the Dalziel warehouse. The tools here in question were, as petitioner suggests, a nonunique type of article. It would be a matter of pure conjecture in face of the record to say that the tools sold by petitioner were the stolen tools.

Respondent relies upon the case of *People* v. *Citrino*, 46 Cal. 2d 284 [294 P.2d 32], for the proposition that possession of property stolen in a burglary accompanied by corroborating evidence of acts, conduct, or declarations of the accused tending to show his guilt is sufficient to sustain a conviction of burglary. This is undoubtedly a correct statement of the law but in the Citrino case it was definitely established that the defendant had the stolen property in his possession. Such is not the fact in the instant case.

It is also argued by respondent that the sale of the tools by petitioner to Russo for a price disproportionate to their value and petitioner's statement you can't "use the guarantee on these" were acts and declarations on his part which tended to show his guilt. Even if we assume that there is some validity to this argument, it still does not bring the instant case within the rule of *People* v. *Citrino, supra,* 46 Cal.2d 284. Such acts and declarations might bear on the question as to whether or not petitioner knew the articles which he sold were stolen but

they certainly have no probative value on the question of whether the tools which petitioner sold were the tools stolen from the Dalziel Company, or whether defendant was actually involved in the burglary.

The record does not warrant the conclusion that there is reasonable or probable cause to believe that the petitioner committed the crime of burglary or that he participated therein.

Let the peremptory writ of prohibition issue as prayed.

Bray, P. J., and Tobriner, J., concurred.