[Crim. No. 3094.   Third Dist.   July 26, 1960.]

THE PEOPLE, Appellant, v. JACK WILSON, Respondent.

Stanley Mosk, Attorney General, Doris H. Maier and C. Michael Gianola, Deputy Attorneys General, for Appellant.

Carl L. Christensen and Charles M. Thomas for Respondent.

WARNE, J. pro tem.*—The People have appealed from an order of the Superior Court of Humboldt County dismissing an information which charged the respondent, Jack Wilson, with a violation of section 245 of the Penal Code (assault with a deadly weapon).

About midnight October 3, 1959, James Michael Mandoli and James McManus entered Toby and Jack's Bar in Arcata. Both men had been drinking. They sat at the bar next to the former wife of McManus. The two men had several drinks. Suddenly McManus hit a man named Santoro who was sitting on the other side of McManus' former wife. A man by the name of Turner attempted to grab McManus but Mandoli pushed Turner to the floor. McManus and Santoro, who by this time were on the floor, were wrestling. Apparently no blows were being struck. While the altercation was going on, Jack Wilson, one of the bartenders and the respondent herein, came out from behind the bar with a club about 18 inches long (apparently the butt end of a billiard cue), proceeded to the area where the two men were wrestling and began hitting them with the club. McManus was hit three or four times on the head. Thereafter Mandoli went to assist McManus from the bar. McManus collapsed once before Mandoli was able to get him out of the bar. Both Mandoli and McManus then went to the police station and from there police officers took McManus to the hospital. A doctor in the emergency room of the hospital placed several stitches in McManus' head in order to close the wound.

On October 6, 1959, at Toby and Jack's Bar, the respondent upon being informed by a deputy sheriff of the warrant for his arrest went behind the bar, got the club in question and

---

*Assigned by Chairman of Judicial Council.

turned it over to the deputy at his request. The respondent was then taken into custody.

During the course of the preliminary hearing counsel for the respondent attempted to impeach James Michael Mandoli, the prosecution's witness, by asking him on cross-examination whether or not it was true that about three or four months prior to the perpetration of the alleged crime herein the respondent had him arrested on his (respondent's) complaint for throwing some glasses at the back bar of apparently the same establishment involved herein, and that as a consequence he entered a plea of guilty and was fined $50. The district attorney objected to the question on the ground that a misdemeanor conviction could not be used to impeach a witness. Respondent's argument that this was proper impeachment because it would test the credibility of the witness and show bias was not accepted by the magistrate and the objection was sustained. No further evidence was offered by either side. The magistrate ordered that the respondent be held to answer to the charge, presumably in accordance with the provisions of section 872 of the Penal Code, and an information was filed in the superior court charging the respondent with a violation of section 245 of the Penal Code. Upon his arraignment the respondent moved to set aside the information under the provisions of section 995 of the Penal Code. The motion was granted and this appeal followed.

Section 995 of the Penal Code provides in part: "The indictment or information must be set aside by the court in which the defendant is arraigned, upon his motion, in either of the following cases:

"    .    .    .    .    .    .    .    .    .    .    .

"If it be an information:

"1. That before the filing thereof the defendant had not been legally committed by a magistrate.

"2. That the defendant had been committed without reasonable or probable cause."

Appellant contends that regardless of whether or not the attempted impeachment of the prosecution's witness at the preliminary hearing by respondent's counsel was proper it was error for the superior court to set aside the information where there was substantial competent evidence upon which the magistrate, acting as an ordinary man of caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense had been committed in which the respondent participated and upon which the commitment could

be based. Appellant further contends that section 995 of the Penal Code cannot be used to review alleged errors of the magistrate at a preliminary hearing as to rulings on the admissibility of evidence where there is substantial competent evidence upon which the commitment of a defendant is based. On the other hand, respondent's basic contention is that the denial of cross-examination at the preliminary examination of the only witness who testified as to the acts with which respondent was charged denied the respondent a fair hearing and the superior court properly granted the motion to dismiss.

■ As pointed out by the appellant, "[o]n a motion to set aside an information, the question of the guilt or innocence of the defendant is not before the court, nor does the issue concern the quantum of evidence necessary to sustain a judgment of conviction. The court is only to determine whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense had been committed in which the defendant participated. Proof of guilt need not be demonstrated. ■ The court may not substitute its judgment as to the weight of the evidence for that of the magistrate. When testing the sufficiency of the showing, a court may not weigh the evidence, resolve conflicts or judge the credibility of witnesses. If there is some evidence to support the information, the court will not inquire into its sufficiency. ■ Under section 995 of the Penal Code, the information will be set aside only where there is no evidence that a crime has been committed or there is no evidence to connect the defendant with a crime shown to have been committed. (*People* v. *Mitchell,* 27 Cal.2d 678, 681 [166 P.2d 10] ; *Polos* v. *Superior Court,* 175 Cal.App.2d 210, 212 [345 P.2d 981] ; *People* v. *Cantley,* 163 Cal.App.2d 762, 765 [329 P.2d 993] ; *People* v. *Wiley,* 162 Cal.App.2d 836 [328 P.2d 823] ; *People* v. *Bouchard,* 161 Cal.App.2d 302, 306 [326 P.2d 646] ; *People* v. *Cornette,* 158 Cal.App.2d 724 [322 P.2d 1001] ; *People* v. *Platt,* 124 Cal.App.2d 123, 131 [268 P.2d 529].)"

■ Respondent does not challenge the sufficiency of the evidence to sustain the filing of an information. He does contend that the magistrate committed error in limiting his cross-examination of the prosecution's chief witness who testified as to the acts with which respondent was charged, and he contends that this denied him a fair hearing. Respondent concludes that the superior court therefore properly granted his motion to dismiss the information. We find no merit in this

contention. At most, such evidence would only go to the weight of the direct evidence. The magistrate was informed by defendant's counsel as to the nature of the evidence which he was attempting to show by asking such questions. Thus, it is unlikely that the magistrate's order would have been any different if he had allowed the questions to be asked and they were answered affirmatively.

Further in *Rogers* v. *Superior Court,* 46 Cal.2d 3, the court said at page 6 [291 P.2d 929] : ''The attorney general contends that the writ of prohibition cannot be used to review the rulings on the admissibility of evidence received by the magistrate at the preliminary examination, that to construe sections 995 and 999a of the Penal Code as providing for a full scale review of the rulings would be contrary to the purpose of the preliminary examination, and that the scope of review is simply to determine whether the magistrate has held the defendant to answer without reasonable or probable cause to believe a public offense has been committed with which the defendant is connected, and not whether the magistrate erred on questions of admissibility of evidence. We agree with this contention with this qualification : A defendant has been held to answer without reasonable or probable cause if his commitment is based entirely on incompetent evidence, and for the following reasons the peremptory writ will issue to prohibit further proceedings against him.''

Respondent contends that under the opinion in *Priestly* v. *Superior Court,* 50 Cal.2d 812 [330 P.2d 39], the alleged improper denial of his right of cross-examination constituted a denial of due process. In the Priestly case, *supra,* the prosecution at the preliminary hearing did not disclose the name of the reliable informer (the defendant having been charged with the possession and sale of narcotics) in order to establish reasonable and probable cause to effect a lawful arrest without a warrant. At page 818 the court said : ''. . . If testimony of communications from a confidential informer is necessary to establish the legality of a search, the defendant must be given a fair opportunity to rebut that testimony. He must therefore be permitted to ascertain the identity of the informer, since the legality of the officer's action depends upon the credibility of the information, not upon facts that he directly witnessed and upon which he could be cross-examined. If an officer were allowed to establish unimpeachably the lawfulness of a search merely by testifying that he received justifying information from a reliable person whose identity cannot be

revealed, he would become the sole judge of what is probable cause to make the search. Such a holding would destroy the exclusionary rule. Only by requiring disclosure and giving the defendant an opportunity to present contrary or impeaching evidence as to the truth of the officer's testimony and the reasonableness of his reliance on the informer can the court make a fair determination of the issue. Such a requirement does not reasonably discourage the free flow of information to law enforcement officers or otherwise impede law enforcement. Actually its effect is to compel independent investigations to verify information given by an informer or to uncover other facts that establish the reasonable cause to make an arrest or search. Such a practice would ordinarily make it unnecessary to rely on the communications from informers to establish reasonable cause. When the prosecution relies instead on communications from an informer to show reasonable cause and has itself elicited testimony as to those communications on direct examination, *it is essential to a fair trial that the defendant have the right to cross-examine as to the source of those communications. . . .*" (Emphasis added.) This case clearly has no application to the instant case because there is not only substantial evidence present, but the respondent at the preliminary hearing exercised his right of cross-examination.

Where, as here, a defendant's only complaint is not that the right of cross-examination was generally denied but that objection to an impeaching question was wrongfully sustained, the error does not come within the exception of the rule as noted in *Priestly* v. *Superior Court, supra,* nor within the rule stated in *People* v. *Elliot,* 54 Cal.2d 498 [6 Cal.Rptr. 753, 354 P. 2d 225].

The order dismissing the information is reversed.

Van Dyke, P. J., and Schottky, J., concurred.