Filed 12/20/24  P. v. Valencia CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B334943 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA140198-01) |
| v. | |
| LEOPOLDO VALENCIA, | |
| Defendant and Appellant. | |

APPEAL from order of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Leopoldo Valencia appeals from the trial court's order resentencing him pursuant to Penal Code,[1] section 1172.75, subdivision (a).  His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Valencia filed a supplemental brief.  After reviewing the contentions raised in Valencia's brief, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    Information, No Contest Plea, and Sentencing

The operative amended information alleged that Valencia fired a weapon at two Los Angeles County Sheriff deputies in 2015.  He was charged with attempted premeditated murder of a peace officer (§§ 664; 187, subd. (a); count 1), two counts of assault with a firearm upon a peace officer (§ 245, subd. (d)(1); counts 2-3), and felon in possession of a firearm (§ 29800, subd. (a)(1), count 4).

The information included enhancement allegations.  On counts 1, 2, and 3, the information alleged that Valencia personally used and discharged a firearm, causing the offenses to be serious and violent felonies (§§ 12022.53, subd. (c);[2] 1192.7, subd. (c)(8); 667.5, subd. (c)(8)).  On these counts, it was further alleged that Valencia suffered a conviction in 2007 for a serious and/or violent felony (a robbery) that subjected him to sentencing

---

[1]    Unless otherwise specified, statutory references in this opinion are to the Penal Code.

[2]    A person who, in the commission of certain felonies, "personally and intentionally discharges a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 20 years." (§ 12022.53, subd. (c).)  The listed felonies include assault with a firearm on a peace officer.  (§ 12022.53, subd. (a)(7).)

pursuant to section 667, subdivisions (b) through (j) and 1170.12.[3] On all four counts, the information alleged, under section 667.5(b),[4] that Valencia suffered eight prior felony convictions, served prison terms for the offenses, and did not remain free of subsequent prison custody or felony convictions for a period of five years.

In 2017, Valencia pled no contest to counts 2 and 3. On count 2, he admitted he personally used and discharged a firearm in the commission of the crime. On both counts, he admitted a prior strike and that he was subject to sentencing pursuant to section 667, subdivisions (b) through (j), and section 1170.12, and further admitted one prior prison term, pursuant to section 667.5, subdivision (b). The People dismissed counts 1 and 4.

Pursuant to the negotiated plea, Valencia was sentenced to an overall term of 33 years imprisonment. On count 2, the court sentenced him to the lower term of four years for assault with a firearm upon a peace officer, which was doubled based on the prior strike conviction, plus 20 years for the personal use of a firearm (§ 12022.53, subd. (c)). On count 3, the court sentenced Valencia to two years (one-third the middle term of six years), which was doubled based on the prior strike conviction, plus one year for suffering a prior prison term (§ 667.5, subd. (b)).

---

[3]     "The Three Strikes law requires that a defendant's determinate term be doubled when he or she has a single qualifying prior conviction. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)" (*People v. Hojnowski* (2014) 228 Cal.App.4th 794, 799.)

[4]     The version of section 667.5, subdivision (b) in effect at the time provided, where a "new offense is any felony for which a prison sentence . . . is imposed . . . , in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term . . . ."

3

## B.    Resentencing

In October 2022, the supervising judge of the Superior Court issued an order acknowledging that the California Department of Corrections and Rehabilitation (CDCR) had identified Valencia as potentially eligible for judicial review pursuant to SB 483 and resentencing.  The matter was assigned to Judge Debra Cole-Hall "for review and resentencing pursuant to 1172.7(a) and 1172.75(a)."

The following month, Valencia filed a "Motion for Full Resentencing," arguing he was entitled to resentencing under section 1172.75, subdivision (d)(2), because the prior prison term enhancement was legally invalid.  He requested dismissal of that enhancement, recalculation of his actual custody credits, and a total sentence of 32 years.  At the resentencing hearing in December 2023, Valencia's counsel requested that the court also reconsider the prior strike and firearm use enhancements.  The resentencing court struck the prior prison term enhancement and denied the other requests.  Valencia's total sentence was reduced to 32 years.

Valencia appealed from the resentencing order.[5]

---

[5]    Valencia timely filed an initial notice of appeal that appeared to have been copied from one filed in a different case by a defendant named Victor Garibay.  Although Valencia was identified as the defendant in the caption, the notice of appeal listed Garibay as the filing party and referred to a judgment against him.  After we notified Valencia of the error, an amended notice of appeal was filed that identified Valencia, in pro. per., as the appealing defendant.  The People have not challenged the notice of appeal and have been served with Valencia's appellate briefs.  We construe the notice as Valencia's appeal from the December 4, 2023 resentencing order.  (*Luz v. Lopes* (1960) 55 Cal.2d 54, 59 ["notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what

4

## C.    *Delgadillo* **Procedures and Supplemental Briefing**

We appointed appellate counsel for Valencia, and counsel filed a brief raising no issues and requesting that we proceed pursuant to *Delgadillo, supra,* 14 Cal.5th 216.  We advised Valencia of his right to file a supplemental brief, and he did so.  We evaluate the arguments set forth in that supplemental brief.  (*Id.* at p. 232 [if a supplemental brief is filed, the appellate court must "evaluate the specific arguments presented in that brief and to issue a written opinion"].)  Valencia stated in his brief that he wished to bring to our attention the "California Supreme Court 'Full Resentencing Rule.'"  He also requested, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), that we review the entire record on appeal, for "arguable issues" and "supporting facts" relating to 12 issues, which we will discuss in further detail, *infra.*

## DISCUSSION

## A.    **Governing Law**

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years.  [Citation.]  Effective January 1, 2020, Senate Bill No. 136 [ ] (Stats. 2019, ch. 590) ([SB] 136) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses.  [Citations.]  Enhancements based on prior prison terms served for other

---

appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced"].)

5

offenses became legally invalid." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).) This change was later made retroactive by the enactment of former section 1171.1, now section 1172.75. (*Id*. at p. 380.)

Section 1172.75, subdivision (b) required the CDCR to identify for the sentencing courts all persons "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)[6] Relevant to this appeal, "section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*).)

## B.  The Resentencing Order

### 1.  Wende *Review*

Valencia requests that we review the entire appellate record for arguable issues pursuant to *Wende, supra*, 25 Cal.3d 436. In *Wende*, our high court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel

---

[6]  Before Valencia filed his motion, the CDCR had informed the court of his eligibility for review and possible resentencing, and the matter had been assigned to Judge Cole-Hall for this purpose. The court acquired jurisdiction over the resentencing proceedings, which was unaffected by Valencia's later-filed motion. (See *People v. Cota* (2023) 97 Cal.App.5th 318, 332 [CDCR notice received while defendant's motion was pending "triggered the trial court's review and resentencing obligations under section 1172.75, subdivision (b) thereby placing the matter within a statutorily authorized exception to the general rule that a trial court has no jurisdiction to modify a final judgment"].)

6

submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) However, this procedure applies only "to the first appeal as of right . . . ." (*Ibid.*) Because this appeal is from an order denying postconviction relief, Valencia is not entitled to our independent review of the entire record.[7] (*Id.* at pp. 221–222, 230.) However, he is entitled to appellate consideration of the contentions he raised in his supplemental brief (s*ee id.* at p. 232), so we turn to those now.

2. *"Gun Enhancement" and "Strike Enhancement"*

Only the first two of the dozen issues listed in the supplemental brief relate to resentencing: "(1) The gun enhancement" and "(2) The strike enhancement is old 2006." Though Valencia does not elaborate, these items appear to argue that the court, after striking the prison term enhancement, erred in declining to dismiss the firearm use and prior strike enhancements and resentence him accordingly.

In resentencing a defendant, courts consider postconviction evidence that circumstances have changed since the original sentencing. (*Monroe, supra*, 85 Cal.App.5th at p. 402; § 1172.75, subd. (d)(3) [e.g., "the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future

---

[7]     An independent review of the entire record "is wholly within the court's discretion . . . ." (*Delgadillo, supra*, 14 Cal.5th at p. 232.) Valencia has raised no issues demonstrating that an independent review of the record is necessary for this matter, and we decline the request for an independent review.

violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice"].)  Courts also consider whether changes in the law would reduce the sentence or provide the court with greater discretion in sentencing.  (*Ibid.*)  We review a resentencing court's decision not to reduce a defendant's sentence for abuse of discretion.  (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856–857 (*Garcia*).)

In his motion, Valencia requested a full resentencing, but the only specific reduction he requested was for the one-year prior prison term enhancement.  Although his motion described the types of postconviction evidence that could be considered under section 1172.75, he attached no evidence to support these factors.

At the hearing, Valencia's counsel requested reconsideration of the prior strike and firearm use enhancements.  The court gave him the opportunity to substantiate the request, asking: "Does counsel for the defense have any facts regarding how the defendant has been doing in prison that you would like to share with the court?"  Though Valencia was present at the hearing via WebEx, he did not testify.  Instead, his counsel responded, "We, at this point, submit as to status quo."  The People opposed dismissal of the enhancements, reminding the court that Valencia shot at peace officers and he accepted the plea bargain with the understanding that he was facing significantly more time.  The court then denied the request to strike the gun use and prior strike enhancements.

Valencia's claim on appeal that the prior strike was "old" is forfeited because he did not object on this basis to the resentencing court.  "Parties are required to raise certain issues

at the time of sentencing; the lack of a timely and meaningful objection results in forfeiture of the claim." (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 464 [defendant forfeited error by failing to raise it before the resentencing court].)

In any event, Valencia did not provide an evidentiary basis for dismissing either enhancement. He offered nothing to suggest he was rehabilitated or that the risk of future violence had been mitigated for other reasons. Given the seriousness of the crimes and his history of felony convictions, the resentencing court's refusal to strike the firearm use and prior strike enhancements and reduce his sentence further was neither arbitrary nor capricious. (*Garcia, supra*, 101 Cal.App.5th at p. 857.)

### 3. *Errors Unrelated to Resentencing*

The other issues listed in the supplemental brief do not relate to resentencing. Valencia contends, without elaboration, that his trial counsel did not file a "wobbler" motion under section 17, subdivision (b),[8] a *Pitchess* motion,[9] or a section "995 motion"[10] asserting "insufficien[cy] of evidence." He contends an

---

[8]     Section 17, subdivision (b) "authorizes the reduction of 'wobbler' offenses—crimes that, in the trial court's discretion, may be sentenced alternately as felonies or misdemeanors" under certain circumstances. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 974.)

[9]     In *Pitchess v. Superior Court* (1974) 11 Cal.3d 531, our high court recognized that a defendant may, in some circumstances, compel the discovery of evidence in the arresting law enforcement officer's personnel file. (*People v. Nuno* (2024) 105 Cal.App.5th 1030, 1052.) The Legislature codified the privileges and procedures surrounding "*Pitchess* motions" in the Penal Code and Evidence Code. (*Ibid.*)

[10]     A section 995 motion allows a court to set aside an information "where there is no evidence that a crime has been committed or there

inadequate investigation was conducted, his attorney did not visit, expert witnesses were not retained, prosecution witnesses were not impeached or cross-examined, and defense witnesses were not called. Further, he contends there was "no G.S.R. or fingerprint on weapon" or a review of chain of custody evidence.

These errors are not properly before us in an appeal from a resentencing order under section 1172.75. Like the filing of a petition for resentencing in light of changes in the law governing accomplice liability for homicide (§ 1172.6), the initiation of proceedings under section 1172.75 does not confer on a criminal defendant a new opportunity to litigate investigation- or trial-related errors. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a [section 1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error"]; see *People v. Senior* (1995) 33 Cal.App.4th 531, 535 ["California law prohibits a direct attack upon a conviction in a second appeal after a limited remand for resentencing"].) Here, Valencia's remaining arguments concern trial-related motions and the discovery, handling, and presentation of trial evidence. There was no trial because of his no contest plea, but even if one had been held, the purported errors were not cognizable in section 1172.75 resentencing proceedings.

---

is no evidence to connect the defendant with a crime shown to have been committed." (*People v. Wilson* (1960) 183 Cal.App.2d 149, 152.)

## DISPOSITION

The resentencing court's order is affirmed.


MORI, J.

We concur:


COLLINS, Acting P. J.


ZUKIN, J.